PEOPLE v JOHNSON

Docket No. 78-4453. Submitted September 4, 1979, at Detroit.—Decided October 2, 1979.

James L. Johnson was convicted of unlawful possession of heroin and sentenced to three years probation, Recorder's Court of Detroit, Justin C. Ravitz, J. At sentencing he was not orally informed of his right to appeal, although he did sign a written form acknowledging that right. Later, at a probation violation hearing, the trial judge reviewed the record with defendant and counsel and extended his right to appeal an additional 60 days. Defendant appeals contending that resentencing is mandated because he was not orally advised of his appellate right at the time of the original sentencing and because a probation condition—that he cooperate in anti-drug efforts—is without authority of law. *Held:*

1. A court rule requires that a defendant, immediately upon sentencing, be advised of his right to appellate review of his conviction. This notification provision is satisfied where, although no oral instruction was given by the court at the original sentencing, the defendant did sign a written form of acknowledgment of his right to appeal and was orally advised of the right at a subsequent hearing for probation violation.

2. A condition of probation must be considered lawful where the Court of Appeals is unable to say that cooperating in anti-drug efforts is not rationally tailored to a defendant's rehabilitation and where this restriction, following a conviction for unlawful possession of heroin, would promote rather than impede defendant's withdrawal from the drug scene.

Affirmed.

1. Criminal Law — Sentencing — Constitutional Law — Right to Appeal — Court Rules.

The court shall advise a criminal defendant, immediately upon sentencing, that he is entitled as a matter of constitutional right to appellate review of his conviction (GCR 1963, 785.11).

References for Points in Headnotes
[1, 2] 4 Am Jur 2d, Appeal and Error § 161.
[3] 21 Am Jur 2d, Criminal Law § 566.

2. CRIMINAL LAW — SENTENCING — CONSTITUTIONAL LAW — RIGHT
    TO APPEAL — WRITTEN ACKNOWLEDGMENT — ORAL ADVISE-
    MENT.

    A defendant is entitled to knowledge of and access to the consti-
    tutional right of appeal; this notification provision is satisfied,
    although no oral instruction was given by the court at the time
    of original sentencing, where the defendant signs a written
    form of acknowledgment of his right to appeal when sentenced
    and is orally advised of the right at a subsequent hearing for
    probation violation.

3. CRIMINAL LAW — PROBATION — SENTENCING JUDGES — CONDITIONS
    OF PROBATION — JUDGE'S DISCRETION — APPEAL AND ERROR.

    Sentencing judges have great discretion in designing probation
    standards; each judge must decide for himself whether there is
    a rational relationship between the restriction and rehabilita-
    tion and the Court of Appeals will not interfere as long as the
    conditions of probation are lawful.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert T. Monk,* Assistant Prosecuting Attorney, for the people.

*Terry & Bradfield,* for defendant.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. On June 21, 1974, defendant was jury-convicted of unlawful possession of heroin, MCL 335.341(4)(a); MSA 18.1070(41)(4)(a) and subsequently sentenced to three years probation. At the time of sentencing, he was not orally informed of his right to appeal, although he did sign a written form acknowledging that right. Later, at a probation violation hearing, the trial judge reviewed the record with defendant and counsel and extended his right to appeal 60 additional days

from September 28, 1978.[1] Defendant promptly filed this appeal.

Defendant contends that resentencing is mandated because he was not orally advised of his appellate rights at the time of the original sentencing. GCR 1963, 785.11, specifically requires such notification immediately following sentencing. It appears that the rule's underlying rationale is to ensure defendants' knowledge of and access to the constitutional right of appeal. Although, as defendant rightly asserts, there was no oral instruction at the time of the original sentencing, we find that the written form signed by him then, coupled with the oral advisement on September 28, 1978, fully embodied the spirit of the notification provision.

Defendant also asserts that resentencing is necessary because a probation condition—that he cooperate in anti-drug efforts—is without authority of law. As recently noted by this Court, judges have great discretion in designing probation standards, limited only by the requirement that conditions be lawful. *People v Pettit,* 88 Mich App 203, 205; 276 NW2d 878 (1979). There is no ultimate catalogue of legal or illegal terms, *Detroit v Del Rio,* 10 Mich App 617, 620; 157 NW2d 324 (1968); each judge must decide for himself whether there is a rational relationship between the restriction and rehabilitation. *Id.* at 622-623, *People v Higgins,* 22 Mich App 479, 480; 177 NW2d 716 (1970).

---

[1] Extending the appellate period was permissible in this case because of delayed rulings made by the trial judge on the original conviction as well as on the probation violation of September 28, 1978. Normally, an appeal from a probation violation is limited to matters surrounding that violation. *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974). However, since there was no oral notification of defendant's right to appeal the original conviction, it is permissible to raise issues pertaining to that shortcoming on this probation violation appeal.

In the instant case, we are unable to say that the condition of cooperating in anti-drug efforts was not rationally tailored to the defendant's rehabilitation. Such a course of action would promote defendant's withdrawal from the drug scene rather than impede it. Therefore, that condition was lawful.

Affirmed.