## PEOPLE v STALEY

Docket No. 61865. Submitted January 21, 1983, at Detroit.—Decided
July 7, 1983.

Jerry Staley was convicted, on his plea of guilty, of attempted
larceny from a motor vehicle, Barry Circuit Court. He was
placed on probation, a condition of which was that he obey all
criminal laws. He was alleged to have violated his probation by
having committed the crime of larceny from a building. After a
hearing, the court, Richard Robinson, J., found that defendant
violated his probation and revoked it. Defendant appealed.
*Held:*

1. The court erred in considering defendant's silence in the
face of accusation of criminal conduct to be evidence of guilt.

2. The record supports the trial court's finding that defen-
dant's inculpatory statements to the police were voluntary.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — DEFENDANT'S SILENCE — PROBATION
REVOCATION HEARING.

Evidence of a defendant's silence in the face of accusations of
wrongdoing is inadmissible to prove guilt even where the
defendant has, prior to his silence, waived his right to remain
silent; due process requires that this rule be applied to proba-
tion revocation hearings.

2. APPEAL — CRIMINAL LAW — VOLUNTARINESS.

A court reviewing a determination that a defendant's statement
was voluntary must examine the whole record and make an
independent determination of voluntariness; the determination
of the trial court should not be disturbed unless the reviewing
court is left with a definite and firm conviction that a mistake
has been made.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 579.
  29 Am Jur 2d, Evidence §§ 638-640.
[2] 5 Am Jur 2d, Appeal and Error § 867.

*Caruso,* Solicitor General, *Judy A. Hughes,* Prosecuting Attorney, and *Michael A. Nickerson,* Assistant Attorney General, Prosecuting Attorneys Appellate Service, for the people.

*David H. Tripp,* for defendant.

Before: T. M. Burns, P.J., and R. M. Maher and Hood, JJ.

Per Curiam. On September 5, 1980, defendant pled guilty to attempted larceny from a motor vehicle, MCL 750.92, 750.356a; MSA 28.287, 28.588(1). He was sentenced to three years probation, the first four months to be spent in jail. As a condition of probation, the defendant was forbidden from violating the criminal laws of any state, city or township. On July 13, 1981, defendant's probation officer filed a petition alleging that defendant had breached the terms and conditions of his probation in that he had committed the offense of larceny from a building, MCL 750.360; MSA 28.592. After a hearing, the lower court found defendant to be in violation of his probation and, on December 11, 1981, the court revoked defendant's probation and sentenced him to one year in jail with credit for the 120 days already served. Defendant appeals as of right.

Defendant raises two issues on appeal, one of which requires reversal.

Defendant maintains that his failure to deny his participation in the larceny during his interrogation was admitted into evidence at the probation revocation hearing in violation of *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973). At the hearing, Detective Kenneth Blue of the local sheriff's department testified that, after the larceny had occurred, he telephoned defendant, who was a

suspect, and asked him to come to the police station. After the defendant arrived, Detective Blue gave the defendant a rights form containing the *Miranda*[1] warnings which defendant read. Defendant then signed a waiver of rights form.

During his testimony, Detective Blue was asked by the court if defendant had denied his involvement in the larceny. The detective testified that the defendant did not deny that he participated in the break-in but said that he could not remember if he asked defendant about his involvement directly. In its findings of fact, the trial court noted that the defendant had not denied that he was involved in the crime when he spoke with Detective Blue.

In *Bobo,* the Supreme Court held that evidence of what a defendant does *not* tell an interrogating police officer is inadmissible as evidence of guilt. Such evidence is admissible only to impeach the defendant's testimony that he made such a statement. In the present case, the evidence of defendant's failure to deny his participation in the crime was used as substantive evidence.

The people argue that *Bobo* is not applicable to the present case because the defendant, in waiving his *Miranda* rights, declined to exercise his right to remain silent. The defendant in *Bobo* had exercised this right. To evaluate this argument, we must understand *Bobo*'s rationale.

The ruling in *Bobo* appeared to be motivated by at least two considerations. First, to use against an accused his failure to respond to an accusation of wrongdoing burdens that person's exercise of his right to remain silent. Consequently, the Court warned:

---

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

"We will not condone conduct which directly or indirectly restricts the exercise of the constitutional right to remain silent in the face of accusation." *Bobo, supra,* p 359.

Second, the Court endorsed Michigan's longstanding policy that the tacit admission rule, which permits a defendant's silence in the face of an accusation to be admitted into evidence, is not applicable in a criminal case. For a statement of this policy, the Court drew on language appearing in *People v Bigge,* 288 Mich 417, 420; 285 NW 5 (1939):

"The time has not yet come when an accused must cock his ear to hear every damaging allegation against him and, if not denied by him, have the statement and his silence accepted as evidence of guilt. There can be no such thing as confession of guilt by silence in or out of court. The unanswered allegation by another of the guilt of a defendant is no confession of guilt on the part of a defendant. Defendant, if he heard the statement, was not morally or legally called upon to make denial or suffer his failure to do so to stand as evidence of his guilt."

Evidence of a defendant's silence when he is accused with wrongdoing is no evidence that the defendant participated in the wrongdoing. It is also highly prejudicial. Thus, the admission of such evidence denies the defendant due process of law. *People v Bigge, supra,* p 421.

Our analysis convinces us that the *Bobo* rule is designed to protect two constitutional rights enjoyed by a criminal accused: the right to remain silent and the right to due process of law. A defendant who waives the former right does not necessarily waive the latter. We hold, therefore, that, under *Bobo,* evidence of a defendant's failure

to respond to an accusation of wrongdoing is inadmissible to prove guilt even if the defendant had, prior to his silence, waived his right to remain silent.[2]

We must next decide whether *Bobo,* which involved a criminal trial, applies to a probation revocation hearing. A probation revocation hearing is summary and informal and not subject to the rules of evidence. *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976); MCL 771.4; MSA 28.1134. Nevertheless, a defendant is entitled to a hearing meeting certain due process requirements. See *People v Leroy Jackson, Jr,* 63 Mich App 241, 247-248; 234 NW2d 467 (1975). Relevant to this case is the requirement that the state present proof of the probation violation. *People v Myers,* 306 Mich 100, 106; 10 NW2d 323 (1943). Where the violation is alleged to be a criminal act, the state must prove the defendant's guilt. To do so, of course, the state must introduce evidence that is probative of guilt. Because the *Bobo* rule is designed to exclude evidence not probative of guilt, we find that due process mandates its application to a probation revocation hearing.

In the present case, the court elicited from Detective Blue testimony that defendant failed to deny during his interrogation that he was involved in the commission of the larceny from a building. At the time of the interrogation, the police suspected that defendant had participated in the crime and the questioning amounted to an accusation of guilt. The evidence of the defendant's silence in the face of this accusation was inadmissible under *Bobo* as evidence of defendant's guilt. Admission of this evidence was error. Moreover,

---

[2] But see *People v Karam,* 106 Mich App 383; 308 NW2d 220 (1981), *lv den* 414 Mich 870 (1982).

the error was not harmless. The trial judge, although aware that a defendant is under no duty to deny his involvement in a crime, must have been influenced by defendant's failure to deny his guilt. It was the judge, not the prosecutor, who inquired into whether the defendant asserted his innocence to Detective Blue. The judge also mentioned defendant's failure to deny his guilt in his findings of fact. Thus, the judge did not studiously avoid consideration of defendant's silence.

Defendant also argues that the trial court erred in finding that the statements he gave to Detective Blue connecting the defendant to the break-in were voluntary. We have no doubt that an involuntary confession is no more admissible in a probation revocation hearing than in a criminal trial. There are strong policy reasons favoring the exclusion of such evidence from any fact-finding proceeding:

" '[Involuntary confessions] violate every principle of law, reason, humanity and personal right. They restore the barbarity of ancient, and medieval methods. They obstruct, instead of advance, the proper ascertainment of truth.' " *People v Brockett,* 195 Mich 169, 178; 161 NW 991 (1917), quoting *Ammons v State,* 80 Miss 592; 32 So 9 (1902).

The unreliability of an involuntary confession was explained by Justice COOLEY in *People v Wolcott,* 51 Mich 612, 615; 17 NW 78 (1883):

"No reliance can be placed upon admissions of guilt so obtained [i.e., through improper methods]; for the very obvious reason that they are not made because they are true, but because, whether true or false, the accused is led to believe it is for his interest to make them."

To admit into evidence at a probation revocation hearing an involuntary confession is a gross violation of a defendant's right to due process of law. Involuntary confessions, therefore, must not be admitted into evidence at such a proceeding.

When reviewing a trial court's finding that a defendant confessed voluntarily, this Court examines the entire record and makes an independent determination of voluntariness based on the totality of the circumstances. *People v Robinson,* 386 Mich 551; 194 NW2d 709 (1972). The trial court's finding will not be disturbed unless this Court is left with a definite and firm conviction that a mistake has been made. *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974). The defendant argues that his inculpatory statements were involuntary because they were induced by a threat of immediate confinement. The record, however, shows that the inculpatory statements were given before the defendant was allegedly threatened with incarceration. Read as a whole, the record supports the trial court's finding of voluntariness.

The order revoking the defendant's probation is set aside, his sentence is vacated and the case is remanded for proceedings consistent with this opinion.