PEOPLE v RICHARDSON

Docket No. 71883. Submitted June 13, 1984, at Lansing.—Decided December 17, 1984.

Reginald Richardson was charged in the Ingham Circuit Court with possession with intent to deliver cocaine and was convicted by a jury of the lesser included offense of possession of cocaine. The trial court, Robert Holmes Bell, J., sentenced defendant to one year in the county jail. Defendant appeals. *Held:*

1. There was sufficient evidence to support the conviction of possession of cocaine. There was sufficient evidence that the defendant constructively possessed the cocaine.

2. The prosecution's burden was to prove its own theory beyond a reasonable doubt, not to disprove all theories consistent with defendant's innocence.

3. The evidence was sufficient to warrant instructing the jury on the charged offense of possession with intent to deliver.

4. Defendant did not exercise his right to remain silent at the time of arrest, but rather, told the police that he did not live at the apartment being searched. There was no violation of the rule that evidence of a defendant's silence prior to or at the time of arrest is inadmissible except to impeach the defendant's testimony that he made a statement. Defendant's testimony indicates that he responded to the officer's request for informa-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 882, 883, 885.
  21 Am Jur 2d, Criminal Law §§ 3, 4.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 17, 45.
[3] 21 Am Jur 2d, Criminal Law § 183.
  29 Am Jur 2d, Evidence §§ 148, 225.
[4] 4 Am Jur 2d, Appeal and Error § 110.
  75 Am Jur 2d, Trial §§ 552-554.
[5, 6] 21A Am Jur 2d, Criminal Law § 936 *et seq.*
  29 Am Jur 2d, Evidence § 640.
  81 Am Jur 2d, Witnesses § 528.
  Impeachment of defendant in criminal case by showing defendant's pre-arrest silence—state cases. 35 ALR4th 731.
[7] 29 Am Jur 2d, Evidence § 269.

tion and an address. The prosecution's questioning of the officers in this regard did not violate defendant's right to remain silent. Furthermore, evidence of a defendant's failure to respond to a police request for such basic information as identification does not burden either the right to remain silent or the right to due process.

5. The trial court erred in admitting the rebuttal testimony of a police officer that the defendant initially refused to give the officers his name and address, and that, to his knowledge, defendant did not give the police an identification card. These were collateral matters and rebuttal testimony on these matters was, therefore, improper. The error, however, did not result in prejudice so as to require reversal under the harmless error test.

Affirmed.

1. CRIMINAL LAW — APPEAL — EVIDENCE — SUFFICIENCY OF EVI-
DENCE.

The Court of Appeals, in reviewing the issue of whether there was sufficient evidence to support a defendant's conviction, views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt; circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense.

2. CONTROLLED SUBSTANCES — POSSESSION.

A conviction for the offense of possession of a controlled substance requires proof that the defendant had actual or constructive possession of the substance; possession may be established by evidence that the defendant exercised control or had the right to exercise control of the substance and knew that it was present.

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — BURDEN OF PROOF.

It is the prosecution's duty in a criminal trial to prove its own theory of the defendant's guilt beyond a reasonable doubt; the prosecution is not bound to disprove all theories consistent with the defendant's innocence.

4. CRIMINAL LAW — APPEAL — DIRECTED VERDICTS.

The defendant's acquittal on a charged offense does not preclude appellate review of the defendant's contention that the trial court erred in denying his motion for a directed verdict of acquittal on the charged offense.

5. CRIMINAL LAW — EVIDENCE — RIGHT TO REMAIN SILENT — DUE
   PROCESS.
   Evidence of a defendant's silence prior to or at the time of arrest
   is inadmissible except to impeach the defendant's testimony
   that he made a statement; this rule is designed to protect the
   right to remain silent and the right to due process of law.

6. CRIMINAL LAW — EVIDENCE — RIGHT TO REMAIN SILENT — DUE
   PROCESS.
   Evidence of a defendant's failure to respond to a police request
   for such basic information as identification does not burden the
   defendant's right to remain silent or the right to due process of
   law.

7. CRIMINAL LAW — EVIDENCE — REBUTTAL TESTIMONY — COLLAT-
   ERAL MATTERS.
   It is improper to admit into evidence rebuttal testimony on a
   collateral matter.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, *Robert B. Ebersole,* Chief Appellate Attorney, and *Charles R. Toy,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud),* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and CYNAR and E. F. OPPLIGER,* JJ.

E. F. OPPLIGER, J. Defendant was charged with possession with intent to deliver cocaine, MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv), and was convicted by a jury of the lesser included offense of possession of cocaine, MCL 333.7403(1), (2)(a)(iv); MSA 14.15(7403)(1), (2)(a)(iv). He was sentenced to one year in the county jail, and appeals as of right.

Defendant contends that there was insufficient

---

* Circuit judge, sitting on the Court of Appeals by assignment.

evidence to support the conviction of possession of cocaine. We do not agree.

In reviewing the issue, this Court views the evidence in a light most favorable to the prosecution and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Hampton,* 407 Mich 354, 368; 285 NW2d 284 (1979), *cert den sub nom Michigan v Hampton,* 449 US 885; 101 S Ct 239; 66 L Ed 2d 110 (1980). Circumstantial evidence and reasonable inferences arising from the evidence may constitute satisfactory proof of the elements of the offense. *People v Hunten,* 115 Mich App 167, 171; 320 NW2d 68 (1982); *People v Mumford,* 60 Mich App 279, 283; 230 NW2d 395 (1975).

The offense of possession of a controlled substance requires proof that defendant had actual or constructive possession of the substance. Possession may be established by evidence that defendant exercised control or had the right to exercise control of the substance and knew that it was present. *People v Hunten, supra; People v Simpson,* 104 Mich App 731, 733; 305 NW2d 249 (1980); *People v Mumford, supra.*

The evidence of possession in this case was entirely circumstantial. The cocaine was found in a drawer of a water bed located in one of the bedrooms of the apartment. Also found in the drawer were several receipts and other personal papers with defendant's name on them. Some of the papers were dated as recently as one or two months before the search occurred, while others were several years old. Although there was evidence that several persons had access to the bedroom, we believe that the presence of defendant's papers in the drawer supports a reasonable inference that defendant exercised control over the

contents of the drawer and knew that the cocaine was present. Viewing the evidence in a light most favorable to the prosecution, we find that there was sufficient evidence that defendant constructively possessed the cocaine.

We disagree with defendant's contention that the prosecution was bound to disprove all theories consistent with defendant's innocence. See *People v Davenport,* 39 Mich App 252, 256; 197 NW2d 521 (1972). We agree with panels of this Court which have held it sufficient if the prosecution proves its own theory beyond a reasonable doubt. *People v Doss,* 122 Mich App 571, 575; 332 NW2d 541 (1983), *lv den* 417 Mich 1100.16 (1983); *People v Kramer,* 108 Mich App 240, 250; 310 NW2d 347 (1981).

Defendant also contends that the trial court erred in denying his motion for a directed verdict of acquittal on the charged offense of possession with intent to deliver cocaine. Defendant's acquittal on the charged offense does not preclude appellate review of this issue. *People v Vail,* 393 Mich 460, 464; 227 NW2d 535 (1975).

Also found in the drawer with the cocaine was a list containing two columns of numbers. A police officer testified that, based upon his experience, the paper was a list of standard prices for cocaine. The search also produced a triple-beam scale, a two-gram scale, a food grinder with white powder residue in it and an amount of lactose powder or milk sugar. There was testimony that these items were commonly used in preparing cocaine for sale. Furthermore, two of the three bundles of cocaine in the water bed drawer were marked with the numbers 50 and 75, respectively. A police officer testified that these numbers probably represented the dollar prices of the packaged cocaine. We find that this evidence, together with the evidence of

possession discussed above, was sufficient to warrant instructing the jury on the charged offense of possession with intent to deliver.

Defendant also argues that the prosecutor improperly elicited testimony concerning defendant's initial failure to give his name and address to the police at the time of arrest. He argues that the references violated his right to remain silent under *People v Bobo,* 390 Mich 355; 212 NW2d 190 (1973); US Const, Am V, and Const 1963, art 1, § 17. We do not agree.

Defendant argues that his rights were violated during the prosecutor's direct examination of two police officers and during the cross-examination of defendant. Officer Sargeant was asked by the prosecutor what individuals he identified at the apartment. The witness stated that he obtained identification from Evonne Richardson and from Michelle Blackwell, but did not obtain identification from the male (defendant). Officer Isaac similarly testified on direct examination that defendant "wouldn't identify himself to me for some time". Officer Isaac further testified that all three of the individuals stated that they did not live at the apartment and that they were just visiting a friend and happened to be there when the police arrived. No objection was raised to the above testimony.

On cross-examination, the prosecutor asked defendant why he refused to give his address to the police. Defendant responded that he did give the police his identification card, which contained a former address, and that the police never asked him whether the address on the card was correct. Defendant further stated that he told the police he did not live at the apartment.

Under *People v Bobo, supra,* evidence of a defendant's silence prior to or at the time of arrest is

inadmissible except to impeach the defendant's testimony that he made a statement. In *People v Staley,* 127 Mich App 38, 41; 338 NW2d 414 (1983), the Court noted that the *Bobo* rule is designed to protect two constitutional rights enjoyed by a criminal accused: the right to remain silent and the right to due process of law.

This Court finds no *Bobo* violation in the present case. The above testimony indicates that defendant did not exercise his right to remain silent at the time of arrest, but rather, told the police he did not live at the apartment being searched. Defendant's own testimony indicates that he responded to the officer's request for identification and an address. Furthermore, we believe that evidence of a defendant's failure to respond to a police request for such basic information as identification does not burden either the right to remain silent or the right to due process.

Defendant finally argues that error occurred in the admission of rebuttal testimony of Officer Isaac. The officer testified on rebuttal that defendant initially refused to give the officers his name and address, and that, to Officer Isaac's knowledge, defendant did not give the police an identification card. This testimony was apparently offered for the purpose of rebutting defendant's cross-examination testimony discussed above. Defense counsel objected and moved for a mistrial.

We agree with defendant that this was improper rebuttal testimony under *People v Bennett,* 393 Mich 445; 224 NW2d 840 (1975). Whether defendant initially refused to identify himself and whether he gave the police an identification card were collateral matters. Rebuttal testimony on these issues was therefore improper. We find, however, that the error in this case does not require

reversal. Officer Isaac's rebuttal testimony was essentially cumulative to his testimony during the prosecutor's case in chief. The testimony did not involve incriminating matters and did not carry any significant potential for prejudice. Applying the harmless error test, we conclude that admission of the brief rebuttal testimony did not result in prejudice requiring reversal.

Affirmed.