PEOPLE v ROTH

Docket No. 85388. Submitted June 11, 1986, at Grand Rapids. Decided
   July 14, 1986.

   Defendant, Brian D. Roth, was convicted in the Osceola Circuit
      Court following his plea of guilty to obtaining a controlled
      substance by fraud. The trial court, Lawrence C. Root, J.,
      sentenced defendant to five years probation with the first year
      to be served in the county jail. Shortly after his release from
      jail, the probation department moved to amend defendant's
      probation by adding conditions that defendant submit to urina-
      lysis testing and not leave his county of residence without the
      permission of the supervising probation agent. Following a
      hearing, the trial court ordered that such conditions be added
      as conditions of defendant's probation. Defendant appeals.

   The Court of Appeals held:

   1. The condition of probation that defendant submit to unan-
   nounced urinalysis tests is both lawful and rationally tailored
   to defendant's rehabilitation.

   2. A condition of probation restricting a defendant's right to
   travel may be imposed without violation of the constitution.
   Such condition is lawful.

   Affirmed.

1. CRIMINAL LAW — PROBATION — CONDITIONS OF PROBATION —
   URINALYSIS TESTS.

   A condition of probation imposed upon a defendant convicted of
      obtaining a controlled substance by fraud that the defendant
      submit to unannounced urinalysis tests is both lawful and
      rationally tailored to the defendant's rehabilitation.

2. CRIMINAL LAW — PROBATION.

   A probationer retains only those rights which are consistent with
      his probationary status.

REFERENCES

Am Jur 2d, Criminal Law §§ 567-579.
Propriety of conditioning probation on defendant's not entering
   specified geographical area. 28 ALR4th 725.

3. CRIMINAL LAW — PROBATION — CONDITIONS OF PROBATION —
     RESTRICTIONS ON TRAVEL.
   A condition of probation restricting the defendant's right to
   travel is lawful and may be imposed without violation of the
   constitution.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James L. Talaske,* Prosecuting Attorney, and *Raymond O. Howd,* Assistant Attorney General, for the people.

State Appellate Defender (by *Fred E. Bell*), for defendant on appeal.

Before: R. B. BURNS, P.J., and GRIBBS and R. I. COOPER,* JJ.

PER CURIAM. Defendant pled guilty to obtaining a controlled substance by fraud. MCL 333.7407(1)(c); MSA 14.15(7407)(1)(c). He was sentenced to five years probation with the first year to be served in the county jail.

Shortly after his release from jail, the probation department moved to amend defendant's probation by adding the following conditions:

> Add Rule 12: That he shall not leave his county of residence without prior knowledge and permission of the supervising probation agent.
> Add Rule 13: That he shall submit to urinalysis screening as directed by his supervising probation agent and that his testing shall show no signs of the use of illegal drugs.

On appeal, defendant contests the constitutionality of the two conditions.

There appear to be no Michigan cases directly on point holding that submission to urinalysis testing is a lawful condition of probation. In *Peo-*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*ple v Johnson,* 92 Mich App 766; 285 NW2d 453 (1979), this Court upheld a probation condition that defendant cooperate in anti-drug efforts. The Court concluded:

> In the instant case, we are unable to say that the condition of cooperating in anti-drug efforts was not rationally tailored to the defendant's rehabilitation. Such a course of action would promote defendant's withdrawal from the drug scene rather than impede it. Therefore, that condition was lawful. [92 Mich App 769.]

The condition of defendant's probation, that he submit to unannounced urinalysis tests, is both lawful and rationally tailored to defendant's rehabilitation.

A probationer retains only those rights which are consistent with his probationary status. *People v Hardenbrook,* 68 Mich App 640; 243 NW2d 705 (1976). A condition of probation restricting defendant's right to travel may be imposed without violation of the constitution. *People v Ison,* 132 Mich App 61; 346 NW2d 894 (1984). Therefore, such condition is lawful.

Affirmed.