PEOPLE v HELLENTHAL

Docket No. 116287. Submitted June 7, 1990, at Grand Rapids. Decided
    August 16, 1990.

Bruce W. Hellenthal was convicted in the Ottawa Circuit Court,
    Calvin L. Bosman, J., of possession of less than twenty-five
    grams of a mixture containing cocaine, possession of mari-
    huana, and two counts of being a subsequent offender. The
    defendant appealed, alleging that his right to be free from
    unreasonable searches and seizures was violated when his
    residence was searched without a warrant pursuant to a condi-
    tion of probation, imposed following prior drug-related convic-
    tions, which required the defendant to submit to searches
    without warrants of his person, vehicle, or residence for con-
    trolled substances.

    The Court of Appeals *held:*

    1. A waiver of the constitutional protections against unrea-
    sonable searches and seizures properly may be made a condi-
    tion of probation where the waiver is reasonably tailored to the
    defendant's rehabilitation.

    2. In this case, on the basis of the evidence presented, a
    rational trier of fact could have found beyond a reasonable
    doubt that the defendant had either actual or constructive
    possession of the cocaine and marihuana.

    Affirmed.

1. CRIMINAL LAW — PROBATION — CONDITIONS — SEARCHES AND
    SEIZURES.

    A waiver of the constitutional protections against unreasonable
    searches and seizures properly may be made a condition of
    probation where the waiver is reasonably tailored to the proba-
    tioner's rehabilitation.

2. CONTROLLED SUBSTANCES — POSSESSION.

    A conviction of possession of a controlled substance may be

REFERENCES

Am Jur 2d, Criminal Law § 576; Drugs, Narcotics, and Poisons
    §§ 44, 47; Searches and Seizures § 10.
Validity of requirement that, as condition of probation, defendant
    submit to warrantless searches. 79 ALR3d 1083.

proved by circumstantial evidence and reasonable inferences arising therefrom that a defendant had actual or constructive possession of the substance, i.e., exercised control or had the right to exercise control over the substance.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

*Joseph C. Legatz,* for the defendant.

Before: MAHER, P.J., and SULLIVAN and REILLY, JJ.

PER CURIAM. Following a bench trial, defendant was found guilty of one count of possession of less than twenty-five grams of a mixture containing a controlled substance (cocaine), MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), one count of possession of marihuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2)(d), and two counts of being a subsequent offender, MCL 333.7413; MSA 14.15(7413). Defendant was thereafter sentenced to one year in jail, five years probation, and payment of $1,176 in costs. Defendant appeals as of right. We affirm.

Defendant's convictions arose from the discovery of marihuana and cocaine during a search of his residence conducted without a warrant. Defendant was on probation at the time because of prior marihuana and cocaine-related convictions. The search was conducted pursuant to a condition in his probation order requiring him to submit to a search, without a warrant, of his person, vehicle, or residence for controlled substances.

On appeal, defendant argues that the marihuana and cocaine should have been suppressed because the condition of his probation order was unlawful because it violated his Fourth Amend-

ment right to be free from unreasonable searches and seizures. We disagree.

Although we acknowledge that this Court's holding in *People v Peterson,* 62 Mich App 258; 233 NW2d 250 (1975), lv den 397 Mich 811 (1976), supports defendant's argument, we decline to follow that decision. Instead, we believe that a waiver of one's constitutional protections against unreasonable searches and seizures may properly be made a condition of a probation order where the waiver is reasonably tailored to a defendant's rehabilitation. See *People v Roth,* 154 Mich App 257, 259; 397 NW2d 196 (1986), lv den 426 Mich 870 (1986). Also see *People v Richards,* 76 Mich App 695, 698-699; 256 NW2d 793 (1977). As Judge DANHOF recognized in his dissent in *Peterson, supra* at 271, "[a] probationer or parolee has given his consent in return for more lenient treatment."

Accordingly, we find that the probation order in this case, issued pursuant to defendant's prior drug-related convictions and limiting any search without a warrant to a determination of the presence of controlled substances, was rationally tailored to defendant's rehabilitation and, therefore, proper.

Defendant, who shared his house with his girlfriend, also argues that the evidence at trial was insufficient to prove that he knowingly possessed the cocaine and marihuana found in his house. We disagree.

The offense of possession of a controlled substance requires proof that defendant had actual or constructive possession of the substance. *People v Richardson,* 139 Mich App 622, 625; 362 NW2d 853 (1984). Possession may be established by evidence that defendant exercised control or had the right to exercise control of the substance and knew it was present. *Id.* Circumstantial evidence and rea-

sonable inferences arising from the evidence are sufficient to establish possession. *Id.*

In this case, a recent urinalysis test on defendant proved positive for marihuana. During a subsequent search of defendant's house, a box containing marihuana stems, seeds, and drug paraphernalia was found on the headboard of his bed, and another box containing folded paper, razor blades, straws, and a small scale was found on the floor in his bedroom closet. The paper packets and straws were later found to contain cocaine. Further, a small plastic bag containing marihuana was found in a letter holder that also contained several bills addressed to defendant. Additionally, during the search of his residence, defendant acknowledged his awareness of the existence of the drug paraphernalia in the house. When viewing this evidence, and reasonable inferences arising therefrom, in a light most favorable to the prosecution, we find that a rational trier of fact could have found beyond a reasonable doubt that defendant had either actual or constructive possession of the cocaine and marihuana. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985).

Affirmed.