*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ALEJANDRO DELAROSA,

        Defendant-Appellant.

UNPUBLISHED
February 25, 2021

No. 351883
Ottawa Circuit Court
LC No. 19-043004-FC

Before: SHAPIRO, P.J., and SAWYER and BECKERING, JJ.

SHAPIRO, P.J. (*concurring in part, dissenting in part*).

I concur with the majority's decision to affirm defendant's conviction of driving with a suspended license. I also agree that defendant's self-incrimination claim fails. See *People v Goodin*, 257 Mich Ap 425; 668 NW2d 392 (2003).[1] I disagree with the majority, however, as to defendant's conviction of possession of cocaine.

"[T]he elements of simple possession are (1) that a defendant possessed a controlled substance, (2) that the defendant knew he or she possessed the controlled substance, and (3) the amount of the controlled substance, if applicable." *People v Robar*, 321 Mich App 106, 131; 910 NW2d 328 (2017). "Possession is a term that signifies dominion or right of control over the drug with knowledge of its presence and character." *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011) (quotation marks and citation omitted). Actual physical possession is not required; a defendant may be convicted on the basis of constructive possession. *Id*. "Constructive possession . . . is the right to exercise control over the drug coupled with knowledge of its presence." *Id*. "Constructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the controlled substance." *People v Meshell*, 265 Mich App 616, 621; 696 NW2d 754 (2005).

---

[1] In *Goodin*, 257 Mich App at 430-431, this Court held that the statutory requirements found in MCL 257.617 and MCL 257.619, which require a driver to stop at the scene of an accident and provide his or her name, address and vehicle registration number, did not violate a defendant's right against self-incrimination. I conclude that *Goodin*'s reasoning applies with equal force to the reporting requirement in MCL 257.622.

The prosecution focuses on defendant's proximity to the cocaine found in the vehicle's cup holder. However, a defendant's "mere presence" where the substance was found is insufficient to prove constructive possession; an additional connection must be established between the defendant and the controlled substance. *Id*. at 622. Proximity can establish knowledge if the controlled substance is in plain view. See *Cohen*, 294 Mich App at 77. But here, there is no evidence that the cocaine was in plain view. The cocaine was determined to have weighed less than two grams— a small amount that could have escaped notice as it sat at the bottom of a cup holder, especially considering that defendant was driving the vehicle at night while highly intoxicated.

The evidence of defendant's connection to the vehicle was also insufficient to infer his knowledge of the cocaine. Defendant neither owned the vehicle nor had exclusive access to it. Defendant's girlfriend, the vehicle's owner, testified that her children regularly drove the vehicle. She also testified that at the time of the offense she did not allow defendant to drive the vehicle because he did not have a license. No cocaine was found in the glove compartment where some of defendant's mail was found. Cf. *People v Hellenthal*, 186 Mich App 484, 487; 465 NW2d 329 (1990) (holding that there was sufficient evidence presented that the defendant knowingly possessed marijuana when, among other incriminating facts, the substance was found in "a letter holder that also contained several bills addressed to defendant.").

Other common indicia of knowledge and control are also not present in this case. The prosecution did not offer evidence of cocaine in defendant's system,[2] on his clothing, with his mail, or anywhere in the car except in the cup holder. Nor was there fingerprint evidence to establish that defendant had touched the bag containing the cocaine.[3] Cf. *People v Echavarria*, 233 Mich App 356, 370-371; 592 NW2d 737 (1999) (holding that there was sufficient evidence to sustain an unlawful-possession conviction when the defendant's fingerprints were found on two plates containing cocaine and testimony established that he had been in the basement the same day the cocaine was found there). The prosecution argues that defendant's knowledge of the cocaine can be inferred from his decision to flee the vehicle after the accident. There is no reason to think, however, that this was defendant's motivation for leaving the scene. Indeed, if defendant knew of and was concerned about the cocaine, he could have easily thrown the small amount in the snow.

Like all elements of a criminal offense, knowledge can be proven by circumstantial evidence and reasonable inferences from that evidence. In this case, however, the *only* evidence connecting defendant to the cocaine was his presence near it while driving someone else's vehicle, which is insufficient under Michigan law. Because the evidence was insufficient to prove knowing possession beyond a reasonable doubt, I would vacate defendant's conviction of the possession charge.

/s/ Douglas B. Shapiro

---

[2] There is no indication in the record that defendant either appeared to be under the influence of cocaine or was tested for cocaine at the hospital on the night of the accident.

[3] The evidence technician testified that he did not examine the baggie for fingerprints.