*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 25, 2021

Plaintiff-Appellee,

v

No. 351883
Ottawa Circuit Court
LC No. 19-043004-FC

ALEJANDRO DELAROSA,

Defendant-Appellant.

Before: SHAPIRO, P.J., and SAWYER and BECKERING, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of operating a vehicle while intoxicated or impaired by alcohol or a controlled substance, third offense (OWI), MCL 257.625(1)(a), possession of a controlled substance under 25 grams, MCL 333.7403(2)(a)(*v*), driving with a suspended license (DWLS), MCL 257.904(1), and failure to report an accident, MCL 257.622. We affirm.

This case arises from a motor vehicle accident that occurred on January 31, 2019. Defendant drove his girlfriend's vehicle off US-31 and into a ditch while having a blood alcohol level over twice the legal limit. Another motorist called 911. Police officers responded to the scene, and arrested defendant and took him to the hospital, where he received medical treatment for a cut on his head and a blood alcohol test. An evidence technician examined the vehicle and collected evidence, including blood from the driver's side airbag which was later shown to be that of defendant. There was no indication that a second person had been in the vehicle. The vehicle was unoccupied when the evidence technician arrived, and there was only one set of footprints in the snow outside the car. The technician also found mail addressed to defendant in the glove compartment, and some white powder later confirmed to have been 1.643 grams of cocaine in a baggie in the cup holder. Defendant does not challenge his OWI conviction on appeal.

## I. POSSESSION OF COCAINE

Defendant first argues that the evidence of possession was insufficient because he did not have physical possession of the cocaine and plaintiff failed to establish constructive possession. We disagree.

We review de novo a defendant's claim that the evidence was insufficient to support a conviction. *People v Kosik*, 303 Mich App 146, 150; 841 NW2d 906 (2013). Evidence is sufficient to sustain a conviction when, viewing the evidence most favorably to the prosecution, "a rational trier of fact could have concluded that the elements of the offense were proven beyond a reasonable doubt." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008).

"[T]he elements of simple possession are (1) that a defendant possessed a controlled substance, (2) that the defendant knew he or she possessed the controlled substance, and (3) the amount of the controlled substance, if applicable." *People v Robar*, 321 Mich App 106, 131; 910 NW2d 328 (2017). "Possession is a term that signifies dominion or right of control over the drug with knowledge of its presence and character." *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011) (quotation marks and citation omitted). Actual physical possession is not required; a defendant may be convicted on the basis of constructive possession. *Id.*, citing *People v Wolfe*, 440 Mich 508, 519-520; 489 NW2d 748 (1992). "Constructive possession . . . is the right to exercise control over the drug coupled with knowledge of its presence." *Cohen*, 294 Mich App at 76, citing *Wolfe*, 440 Mich at 520. "Close proximity to contraband in plain view is evidence of possession." *Cohen*, 294 Mich App at 77, citing *Wolfe*, 440 Mich at 521. However, a defendant's "mere presence" where the substance was found is insufficient; rather, an additional connection must be established between the defendant and the controlled substance. *People v Meshell*, 265 Mich App 616, 622; 696 NW2d 754 (2005), citing *Wolfe*, 440 Mich at 520.

In this case, defendant did not physically possess the cocaine, but the circumstantial evidence established that he had been in close proximity to it before he left the vehicle. Proximity can establish knowledge of a controlled substance if the evidence is in plain view. See *Cohen*, 294 Mich App at 77 (joint constructive possession was established by drug paraphernalia containing traces of cocaine found on the center console of a car "in clear view and reach" of each of the two occupants).

"Any one of various factors may be sufficient under given circumstances to establish this [necessary additional] connection." *Wolfe*, 440 Mich at 520. "[E]xclusive control or dominion over property on which narcotics are found" is one such factor. *Id.* at 521 (quotation marks and citation omitted). In *Wolfe*, knowledge of the drugs was established when the defendant admitted to police that he knew the drugs were present. *Id.* Our Supreme Court held that he exercised dominion and control over the drugs largely because the evidence indicated that the defendant was the only person who had a key to the residence in which the contraband was found. *Id.* In this case, the uncontroverted testimony of the owner of the vehicle established that defendant did not have exclusive dominion or control over it at all times, but was the only person in control of the vehicle immediately before the cocaine was found.

This Court considered it relevant that a controlled substance was found in "a letter holder that also contained several bills addressed to defendant" in *People v Hellenthal*, 186 Mich App 484, 487; 465 NW2d 329 (1990). On the basis of that along with several others, we recognized a nexus between the defendant and the drugs sufficient to establish possession. *Id.* The additional facts included that other drug and drug-related items were also found in several places in the defendant's bedroom, that he admitted that he knew there was drug paraphernalia in the house, and that he had recently tested positive for the substance found with his mail. *Id.* See also *People v Richardson*, 139 Mich App 622, 625-626; 362 NW2d 853 (1984) (cocaine was found in a drawer

-2-

along with the defendant's personal papers).  Here, while no cocaine was found in the glove compartment where defendant's mail was found, the cocaine was even closer to defendant—in the cup holder.

The bar for establishing that a defendant knew the controlled substance was where it was found and that he or she exercised control over it is not high.  In this case, there was sufficient evidence to establish defendant's knowledge and intent.  The evidence reflected that defendant was the only person in control of the vehicle at the time of the accident.  His presence in the vehicle was established by the blood DNA evidence on the airbag, establishing that he was the driver.  Only one set of footprints led away from the vehicle.  Additionally, he ran when an officer found him coming out of the ditch, yet defendant claimed that he fell while out for a walk.  His possession of the vehicle was further established by the fact that his mail was in the vehicle and by the testimony of his girlfriend that both he and the vehicle were present at their home when she left for work and both were gone when she returned.  And while her children had access to the vehicle, she also testified that neither drove the vehicle that evening.  She further testified that she did not put the cocaine in the car, and it was not hers.

While not dispositive of the case before us, we find some guidance in the Court's opinion in *Maryland v Pringle*, 540 US 366, 371-372; 124 S Ct 795; 157 L Ed 2d 769 (2003), where a unanimous Supreme Court observed that there was probable cause to believe that any or all occupants of a vehicle, including who was a front-seat passenger, were in possession of the drugs found in the vehicle:

> In this case, Pringle was one of three men riding in a Nissan Maxima at 3:16 a.m.  There was $763 of rolled-up cash in the glove compartment directly in front of Pringle.  Five plastic glassine baggies of cocaine were behind the back-seat armrest and accessible to all three men.  Upon questioning, the three men failed to offer any information with respect to the ownership of the cocaine or the money.
>
> We think it an entirely reasonable inference from these facts that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine.  Thus, a reasonable officer could conclude that there was probable cause to believe Pringle committed the crime of possession of cocaine, either solely or jointly.

We recognize that the question in *Pringle*, whether there was probable cause to arrest, is different than the question before us.  But we find helpful the observation in *Pringle* that the circumstances created a reasonable inference that any or all of the occupants of the vehicle had dominion and control over the cocaine.  Likewise, the circumstances here, where defendant was the sole occupant of the vehicle at the time of the accident, gives rise to a reasonable inference that he had dominion and control over the cocaine in the cup holder.  While the jury was not compelled to conclude that defendant possessed the cocaine, we find it reasonable for the question to be submitted to the jury and for the jury to reach that conclusion.

## II. DWLS

Defendant next argues that the evidence was insufficient to support his conviction of DWLS because he did not receive notice from the Secretary of State informing him of the suspension. We disagree.

The current version of MCL 257.904(1) states in relevant part as follows: "A person whose operator's . . . license . . . has been suspended or revoked . . . shall not operate a motor vehicle . . . within this state." Before 2015, there was a notice requirement. The version of MCL 257.904(1) effective from 2010 to 2015 stated in relevant part as follows: "A person whose operator's . . . license . . . has been suspended or revoked and who has been notified as provided in section 2121 of that suspension or revocation . . . shall not operate a motor vehicle . . . within this state." See also *People v Nunley*, 491 Mich 686, 689; 821 NW2d 642 (2012) (holding that the form of the notice issued in that case was not testimonial under the Confrontation Clause). Defendant admits that there is currently no statutory notice requirement, but argues that the notice requirement nonetheless remains in effect because it still appears as an element of DWLS in the current version of the model jury instructions, which was given to the jury in this case. M Crim JI 15.20.

Defendant's argument that the jury instruction prevails over the statute is disingenuous at best. There is no conflict between the legislature and the courts in this case. The legislature clearly stated its intention, both when it made notice an element of the statute and when it amended that statute in 2015 to eliminate the notice element. Our Supreme Court made it equally clear when it adopted MCR 2.512 on January 1, 2019, that model jury instructions must be used where applicable, but only after they have been approved by the appropriate committee, and only if they contain an accurate statement of the law. MCR 2.512(2). "Where a Criminal Jury Instruction does not accurately state the law, it will be disavowed by the courts." *People v Stephan*, 241 Mich App 482, 495; 616 NW2d 188 (2000).

Defendant's second argument, that the notice requirement is still in effect for the crime of DWLS because it also appears in MCL 257.212, is equally misplaced. MCL 257.212 states as follows:

> (1) If the secretary of state is authorized or required to give notice under this act or other law regulating the operation of a vehicle, unless a different method of giving notice is otherwise expressly prescribed, notice shall be given either by personal delivery to the person to be notified or by first-class United States mail addressed to the person at the address shown by the record of the secretary of state. The giving of notice by mail is complete upon the expiration of 5 days after mailing the notice.
>
> (2) Any notice required to be provided under this act may be provided by electronic means.

There is no notice requirement within this section, whose plain language instead explains how notice is to be given when the secretary of state is required to do so. Because the secretary of state is no longer required to give notice under MCL 257.904(1), the methods set forth in MCL 257.212 are not implicated.

The trial court erred when it included the notice requirement element in the jury instructions for the DWLS charge in this case. Harmless error analysis applies to instructional errors. *People v Lyles*, 510 Mich 107, 117-118; 905 NW2d 199 (2017). "[A] defendant carries the burden of showing that 'it is more probable than not that the error was outcome determinative.' " *Id.*, quoting *People v Lukity*, 460 Mich 474, 495-496; 596 NW2d 607 (1999). Here, the error did not affect the outcome because the prosecution proved the actual elements of DWLS beyond a reasonable doubt. Because the result also would have been conviction if the trial court had given the proper instruction, we affirm defendant's conviction for DWLS.

## III. SELF-INCRIMINATION

Next, defendant argues that MCL 257.622 is unconstitutional to the extent that it required him to incriminate himself by reporting that he was involved in an accident in which he was the only person injured. We disagree.

Defendant failed to preserve this issue by challenging the constitutionality of the statute in the trial court. See *People v Vandenberg*, 307 Mich App 57, 61; 859 NW2d 229 (2014). We review unpreserved issues of constitutional law for plain error affecting substantial rights. *Id.*, citing *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). Under the plain-error rule, a defendant may avoid forfeiture of an unpreserved issue by establishing that a clear or obvious error was made and that the error affected the defendant's substantial rights. *Id.* A ruling that contradicts clearly established law is plain error. *Id.* at 770. Plain error also exists "when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 245 (2016). An error affects a defendant's substantial rights when it affects the outcome of the proceedings in the lower court. *Carines*, 460 Mich at 763. If a defendant can establish both plain error and prejudice, an appellate court then determines whether to exercise its discretion to reverse the conviction. Reversal is warranted if the error resulted in the conviction of an innocent person, or when it had a serious effect on the "fairness, integrity, or public reputation of judicial proceedings." *Id.* at 763-764, quoting *United States v Olano*, 507 US 725, 736-737; 113 S Ct 1770; 123 L Ed 2d 508 (1993).

Defendant does not acknowledge that this issue was unpreserved, and instead urges us to review the issue de novo. He thus failed to provide plain-error analysis. See *People v Waclawski*, 286 Mich App 634, 678-679; 780 NW2d 321 (2009) (the defendant failed to establish clear error when he failed to support his position with a factual and legal basis). In any event, we conclude that such argument would not be convincing.

MCL 257.622 states in relevant part as follows:
> The driver of a motor vehicle involved in an accident that injures or kills any person, or that damages property to an apparent extent totaling $1,000.00 or more, shall immediately report that accident at the nearest or most convenient police station, or to the nearest or most convenient police officer.

Reports required under Chapter 257 "shall not be available for use in a court action, but a report shall be for the purpose of furnishing statistical information regarding the number and cause of accidents." MCL 257.624(a). Interpreting a previous version of this statute, we held that the statute did not "deny the defendant's constitutional privilege against self-incrimination" because

it contained a statutory bar on use of the report in court. *People v Gilbert*, 8 Mich App 393, 399; 154 NW2d 800 (1967) (holding that the defendant's self-incriminatory admission of drunk driving to a police officer completing the statutorily required report was inadmissible). Because the current version of this statute also precludes the use of the required report in any court action, it does not deny any person his or her constitutional privilege against self-incrimination.

For these reasons, the trial court did not clearly err by declining sua sponte to hold that the statute was unconstitutional to the extent that it required a driver to report an accident to the police even if the driver was the only person injured. That the trial court did not make such a ruling did not violate any clearly established law, nor are we otherwise left with a firm conviction that the trial court should have made such a ruling. We affirm defendant's conviction for failure to report an accident.

Affirmed.

/s/ David H. Sawyer
/s/ Jane M. Beckering