PEOPLE v COHEN

Docket No. 298076. Submitted July 12, 2011, at Detroit. Decided July 19,
2011. Approved for publication August 30, 2011, at 9:00 a.m.

Clarence H. Cohen, charged with possession with intent to deliver
less than 50 grams of cocaine, moved to quash the information
in the Oakland Circuit Court. Officers from the Pontiac Police
Department had arrested Cohen after they observed cocaine
paraphernalia sitting between him and another man in a vehicle
in which Cohen was a passenger. When Cohen was subsequently
placed into a jail holding cell, he unsuccessfully attempted to
discard a small plastic bag containing crack cocaine. Cohen was
initially charged with possession with intent to deliver less than
50 grams of cocaine in connection with the cocaine that he had
attempted to discard, and with possession of less than 25 grams
of cocaine in connection with cocaine residue found on the drug
paraphernalia. Following the preliminary examination, the 50th
District Court, Ronda M. Fowlkes Gross, J., dismissed the
simple possession charge, concluding that there was insufficient
evidence that the drug paraphernalia belonged to Cohen. Cohen
then moved in the circuit court to quash the information,
arguing in light of the district court's decision to dismiss the
simple possession charge, that the police had lacked probable
cause to arrest him and, therefore, the evidence discovered as a
result of that arrest—the small bag containing crack cocaine—
had to be suppressed. The circuit court, Daniel P. O'Brien, J.,
agreed that given the absence of probable cause to bind Cohen
over on the simple possession charge, the police had lacked
probable cause for his arrest and that the evidence discovered as
a result of the arrest had to be suppressed. Accordingly, the
circuit court dismissed the charge of possession with intent to
deliver cocaine. The prosecution appealed.

The Court of Appeals *held*:

1. The probable cause required to bind over a defendant at a
preliminary examination is different from the probable cause
required to arrest a defendant. Probable cause to arrest exists
when the facts and circumstances within an officer's knowledge
and of which he or she has reasonably trustworthy information are

sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been or is being committed; this is a practical, nontechnical conception judged from the totality of the circumstances before the arresting officers. The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime was committed and that the defendant committed it. To meet his or her burden of proof at the preliminary examination, the prosecutor must present enough evidence on each element of the charged offense to lead a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt. The arrest standard considers only the probability that the person committed the crime as established at the time of the arrest, while the preliminary hearing considers both the probability at the time of the preliminary hearing that the person committed the crime and the probability that the government will be able to establish guilt at trial.

2. Possession of a controlled substance is dominion or right of control over the drug with knowledge of its presence and character. In this case, the drug paraphernalia was in clear view and reach of both occupants of the vehicle, and thus the arresting officers had probable cause to believe that the occupants jointly possessed the drug paraphernalia, justifying Cohen's arrest and rendering admissible the evidence that was discovered after Cohen's arrest. The circuit court erred by suppressing evidence gathered following a constitutionally valid arrest solely because the district court concluded that it lacked probable cause to bind Cohen over for trial on the charge for which he was originally arrested.

Reversed and remanded.

CRIMINAL LAW — PROBABLE CAUSE TO ARREST — PROBABLE CAUSE TO BIND OVER.

The probable cause required to bind over a defendant at a preliminary examination is different from the probable cause required to arrest a defendant; the arrest standard considers only the probability that the person committed the crime as established at the time of the arrest, while the preliminary hearing considers both that probability at the time of the preliminary hearing and the probability that the government will be able to establish guilt at trial.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, and *John S. Pallas* and *Matthew A. Fillmore*, Assistant Prosecuting Attorneys, for the people.

Before: TALBOT, P.J., and HOEKSTRA and GLEICHER, JJ.

PER CURIAM. The police arrested defendant after observing cocaine paraphernalia resting near him on the center console of a vehicle in which he was a passenger. At the police station, defendant unsuccessfully attempted to discard a small plastic bag containing a large rock of crack cocaine. The prosecutor charged defendant with possession of both the cocaine residue coating the drug paraphernalia and the later-discovered rock cocaine. At the preliminary examination, the district court dismissed the residue-related charge, finding insufficient evidence linking defendant to the paraphernalia. In light of that ruling, the circuit court invalidated defendant's arrest, concluding that the police lacked probable cause to take defendant into custody. Invoking the "fruit of the poisonous tree" doctrine, the circuit court then suppressed the evidence that defendant possessed the rock cocaine. Because distinctly different probable-cause standards distinguish the arrest and bind-over decisions, we reverse and remand.

### I. FACTS AND PROCEDURAL HISTORY

On the night in question, defendant rode as a passenger in a vehicle driven by a man named Lee Pondexter. The police stopped the vehicle because the license plate was registered to a different vehicle. In plain sight, an officer observed a clear plastic measuring cup on the center console between defendant and Pondexter containing a digital scale and a brown bag. White residue on the cup and scale field-tested positive for cocaine. Defendant and Pondexter were arrested for joint constructive possession of the drug paraphernalia and residue and were transported to the police station.

At the station, an officer placed defendant in a holding cell. As defendant stepped into the cell, he removed a small plastic bag containing a rock of suspected cocaine from his person and threw it into the toilet. The officer stopped defendant from flushing the toilet and recovered the bag. The rock weighed just over 25 grams and field-tested positive for cocaine.

The prosecutor charged defendant with possession with intent to deliver less than 50 grams of cocaine in connection with the rock he threw into the jail-cell toilet, MCL 333.7401(2)(a)(iv), and possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(v), in connection with the cocaine residue on the scale. At the preliminary examination, the district court bound defendant over for trial on the possession with intent to deliver charge. The district court dismissed the simple possession charge because it was not convinced that the measuring cup and its contents belonged to defendant, and thought it was more likely that they belonged to Pondexter.

Once in circuit court, defendant filed a motion to quash. Defendant did not challenge the district court's decision to bind him over on the charge of possession with intent to deliver. Rather, he contended that the district court's reason for dismissing the simple possession charge established that the police lacked probable cause to arrest him. Defendant argued that because the arrest was illegal, the evidence discovered as a result of that arrest had to be suppressed. The circuit court agreed that given the absence of probable cause to bind defendant over on the simple possession charge, the police had lacked probable cause for his arrest. Accordingly, the circuit court dismissed the remaining charge of possession with intent to deliver cocaine.

II. ANALYSIS OF THE ISSUE

In relation to a circuit court motion to quash the information, we generally review for an abuse of discretion the district court's initial decision to bind the defendant over for trial. *People v Perkins*, 468 Mich 448, 452; 662 NW2d 727 (2003). In this case, however, defendant actually sought the suppression of evidence. This Court reviews a trial court's factual findings at a suppression hearing for clear error, and the court's ultimate ruling de novo. *People v Davis*, 250 Mich App 357, 362; 649 NW2d 94 (2002). The application of the exclusionary rule is a question of law that is reviewed de novo. *People v Custer*, 465 Mich 319, 326; 630 NW2d 870 (2001) (opinion by MARKMAN, J.).

We disagree with the circuit court's conclusion that probable cause to support an arrest is equivalent to probable cause to bind a defendant over for trial. "The purpose of a preliminary examination is to determine whether there is probable cause to believe that a crime was committed and whether there is probable cause to believe that the defendant committed it." *Perkins*, 468 Mich at 452, citing MCR 6.110. To meet its burden of proof at the preliminary examination, the prosecution must present "enough evidence on each element of the charged offense to lead a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of [the defendant's] guilt." *Perkins*, 468 Mich at 452 (quotation marks and citations omitted) (alteration in original).

Probable cause to effectuate an arrest is gauged differently. A police officer may arrest a person without a warrant if he or she has reasonable cause to believe that a felony has been committed and that the particular person committed it. MCL 764.15(1)(d). "In order to lawfully arrest a person without a warrant, a police

officer must possess information demonstrating probable cause to believe that an offense has occurred and that the defendant committed it." *People v Reese*, 281 Mich App 290, 294-295; 761 NW2d 405 (2008) (quotation marks and citation omitted). "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *People v Champion*, 452 Mich 92, 115; 549 NW2d 849 (1996). This probable cause standard "is a practical, nontechnical conception" judged from the totality of the circumstances before the arresting officers. *Maryland v Pringle*, 540 US 366, 370; 124 S Ct 795; 157 L Ed 2d 769 (2003) (quotation marks and citations omitted).

Professors Wayne LaFave and Jerold Israel have explained the difference between probable cause for an arrest and a bindover as follows:

> The use of the Fourth Amendment arrest standard in describing probable cause at a preliminary hearing indicates only the requisite degree of probability. . . . The arrest standard, directed primarily at police, is expressed in terms of "the factual and practical distinctions of everyday life in which reasonable and prudent men, not legal technicians act," while the charging decision being reviewed . . . is . . . the responsibility of "legal technicians," the attorneys in the prosecutor's office. Under the arrest standard, considerable uncertainty must be tolerated on occasion because of the need to allow the police to take affirmative action in ambiguous circumstances, but no comparable exigencies are presented as the charging decision is made. Thus, a police officer may make an arrest where the circumstances suggest that the property possessed by the suspect may have been stolen, but the prosecutor ordinarily has no justification for proceeding to charge without first determining that a theft actually did occur.

> ... [I]t has been stated both that the probable cause required for a bindover is "greater" than that required for an arrest and that it imposes a different standard of proof. ... [T]he arrest standard looks only to the probability that the person committed the crime as established at the time of the arrest, while the preliminary hearing looks both to that probability at the time of the preliminary hearing *and* to the probability that the government will be able to establish guilt at trial. [LaFave & Israel, Criminal Procedure (2d ed, 1992), § 14.3, pp 668-669 (citations omitted).]

As stated by the Seventh Circuit Court of Appeals, "[B]ecause the probable cause determination after a preliminary hearing is made during a legal proceeding incorporating all the safeguards of evidentiary rulings as in a trial, it is an entirely separate legal proceeding distinct from the probable cause judgment to arrest made by the police officer in the field[.]" *Williams v Kobel*, 789 F2d 463, 468 (CA 7, 1986).

In this case, probable cause supported the officers' decision to arrest defendant in light of the discovery of the digital scale and cocaine residue inside the vehicle. Generally, possession of any amount of cocaine is a felony. MCL 333.7403(2)(a). "Possession is a term that signifies dominion or right of control over the drug with knowledge of its presence and character." *People v Nunez*, 242 Mich App 610, 615; 619 NW2d 550 (2000) (quotation marks and citation omitted). The defendant need not own or have actual physical possession of the substance to be found guilty of possession; constructive possession is sufficient. *People v Wolfe*, 440 Mich 508, 519-520; 489 NW2d 748 (1992). Constructive possession, which may be sole or joint, is the right to exercise control over the drug coupled with knowledge of its presence. *Id.* at 520. "Constructive possession exists when the totality of the

circumstances indicates a sufficient nexus between the defendant and the controlled substance." *People v Meshell*, 265 Mich App 616, 622; 696 NW2d 754 (2005). Close proximity to contraband in plain view is evidence of possession. *Wolfe*, 440 Mich at 521.

The arresting officers found trace amounts of cocaine on drug paraphernalia in a vehicle occupied only by defendant and Pondexter. The paraphernalia lay on the center console between defendant and Pondexter, in clear view and reach of both. From a practical standpoint, this evidence gave the arresting officers probable cause to believe that defendant and Pondexter jointly possessed the paraphernalia. Thus, sufficient information justified defendant's arrest, rendering admissible the evidence discovered thereafter. We express no opinion regarding whether the district court correctly dismissed the simple possession charge for lack of probable cause to proceed to trial. In any event, the circuit court erred by suppressing evidence gathered following a constitutionally valid arrest solely because the district court concluded that it lacked probable cause to bind defendant over for trial on the charge for which he was originally arrested.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

TALBOT, P.J., and HOEKSTRA and GLEICHER, JJ., concurred.