STATE OF MICHIGAN

 COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN, UNPUBLISHED
 November 25, 2014
 Plaintiff-Appellee,

v No. 316371
 Alger Circuit Court
KEVIN RYAN WILCOX, LC No. 2012-002008-FH

 Defendant-Appellant.

Before: K. F. KELLY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

 Defendant was convicted of three counts of possession of a controlled
substance/analogue, MCL 333.7403(2)(b)(ii), and was sentenced as a habitual offender, second
offense, MCL 769.10, to three concurrent terms of, alternatively, seven months in jail and $934,
or four months in jail and $1,434. He now appeals and we affirm.

 While driving from Grand Traverse County to Marquette, defendant and Jeremy Rice
were pulled over by Michigan State Police Trooper Brian Muladore. Rice was driving and
defendant was sitting in the front passenger seat. Muladore testified that as he pulled onto the
shoulder of the road behind defendant’s car, he noticed the passenger (defendant) leaning down
toward the floorboard. With Rice’s permission, the trooper searched the car, and under the
passenger seat he found a small three-by-four inch metal tin. Muladore testified that the tin
contained a short straw and less than a half teaspoon of pink powder. According to Muladore, he
also uncovered a plastic bag of bright pink tablets in the console and 20 to 30 white tablets in the
glove compartment. A white pill bottle containing 10 to 12 pills of assorted shapes, sizes, and
colors inside a partially consumed bag of potato chips was found on the passenger-side
floorboard. Laboratory analysis established that the pills in the bottle consisted of amphetamine,
clonazepam, and hydrocodone. The straw from the tin tested positive for amphetamine as well.

 Defendant argues that his conviction should be reversed because, taken as a whole, the
evidence presented at trial does not show that he controlled or had the right to control the drugs
found in the car and, therefore, does not support a finding of possession beyond a reasonable
doubt. We review challenges to the sufficiency of evidence de novo and in a light most
favorable to the prosecution to determine “whether a rational trier of fact could have found that
the essential elements of the crime were proved beyond a reasonable doubt.” People v Ericksen,
288 Mich App 192, 195-196; 793 NW2d 120 (2010). “[A]ll conflicts in the evidence must be

 -1-
resolved in favor of the prosecution.” People v Kanaan, 278 Mich App 594, 619; 751 NW2d 57
(2008). We “will not interfere with the trier of fact’s role of determining the weight of the
evidence or the credibility of witnesses.” Id. “The prosecution need not negate every theory
consistent with innocence, but is obligated to prove its own theory beyond a reasonable doubt, in
the face of whatever contradictory evidence the defendant may provide.” People v Chapo, 283
Mich App 360, 363-364; 770 NW2d 68 (2009).

 Conviction of illegal possession of a controlled substance requires proof beyond a
reasonable doubt that the defendant knew the substance was present, knew it was a controlled
substance, and exercised control or had the right to exercise control over the controlled
substance. People v Gould, 61 Mich App 614, 620; 233 NW2d 109 (1975). Possession may be
actual or constructive, exclusive or joint. People v Wolfe, 440 Mich 508, 520; 489 NW2d 748
(1992), amended on other grounds 441 Mich 1201 (1992). “Constructive possession exists when
the totality of the circumstances indicates a sufficient nexus between the defendant and the
controlled substance.” People v Cohen, 294 Mich App 70, 76-77; 816 NW2d 474 (2011). A
person’s presence at the location where illegal substances are found is insufficient in itself to
establish constructive possession. Wolfe, 440 Mich at 520. Defendant is not disputing that the
controlled substances amphetamine, clonazepam, and hydrocodone were found in his car and
that he was aware of their presence.

 Defendant argues that the totality of the circumstances do not show a nexus between
himself and the controlled substances sufficient for a reasonable trier of fact to find constructive
possession. Defendant argues that, taken as a whole, the evidence at trial pointed more to Rice
as being in possession of the drugs. Defendant admits that Muladore’s testimony may have
shown that defendant briefly touched and hid the pill bottle under the passenger seat of the car,
but insists that this does not rise to the level of dominion or control over the drugs.

 The evidence showed that the tin and the pill bottle were found under the passenger seat
where defendant was sitting. Further, Muladore saw defendant leaning down toward the
floorboard as Muladore pulled the vehicle over. Defendant admitted hiding the pill bottle, which
he believed contained “narcos,” in a chip bag on the passenger floorboard. Testimony provided
by the forensic scientist who analyzed the drugs established that the pill bottle contained
hydrocodone, amphetamine, and clonazepam pills. The straw from the tin tested positive for
amphetamine. Rice testified that neither the tin nor the pill bottle had been in the car when he
had used it the day before their trip.

 Viewed in the light most favorable to the prosecution, and deferring to the jury’s
credibility determinations, Ericksen, 288 Mich App at 197, the evidence was sufficient to prove
that defendant was in constructive possession of the drugs found in his vehicle, and thus was
guilty of the charged crimes.

 Affirmed.

 /s/ Kirsten Frank Kelly
 /s/ David H. Sawyer
 /s/ Patrick M. Meter

 -2-