# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

TOMMY RAY GRANTHAM,

        Defendant-Appellee.

UNPUBLISHED
November 10, 2015

No. 323058
Wayne Circuit Court
LC No. 14-003375-FH

Before: SAWYER, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

The prosecution appeals as of right the order granting defendant's motion to dismiss the charge of possession with intent to deliver less than five kilograms of marijuana, MCL 333.7401(2)(d)(*iii*). We reverse and remand.

This case arises from an incident in which defendant was arrested after accepting and signing for a package containing marijuana. Detroit Police Officer Michael Reizin obtained an anticipatory search warrant for the package and for defendant's home after a drug dog sniff indicated that there were suspected narcotics in the package. The package was addressed to "T. Granton." The address on the package was defendant's address. An undercover postal inspector delivered the package to defendant. Detroit Police Officer James McDonald, who was conducting surveillance of defendant's home, saw defendant sign for and accept the package. Officer Reizin and several other officers entered defendant's home, obtained the package from the hallway, and arrested defendant. The package was unopened and contained seven vacuum-sealed bundles of marijuana. The marijuana weighed 3,552.1 grams. There was no other evidence of drug activity in the home, and no one else was in the home when defendant was arrested. The district court bound defendant over for trial. Defendant filed a motion to quash the information and dismiss the charges against him in the circuit court, which the circuit court granted.

The prosecution argues that the district court properly bound defendant over for trial since the prosecution presented sufficient evidence for the district court to find probable cause that defendant knowingly possessed marijuana. We agree.

"'A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial.'" *People v Bennett*, 290 Mich App 465, 479; 802 NW2d 627 (2010) (citation omitted). "'The

primary function of a preliminary examination is to determine if a crime has been committed and, if so, if there is probable cause to believe that the defendant committed it.'" *People v Redden*, 290 Mich App 65, 83; 799 NW2d 184 (2010) (citation omitted). The prosecution must present evidence "'sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt.'" *Id*. at 83-84 (citation omitted). The prosecution must present *some* evidence on each element of the crime, but it does not need to prove every element of the crime beyond reasonable doubt. *Id*. at 84. "If the evidence conflicts or raises a reasonable doubt concerning the defendant's guilt, the defendant should nevertheless be bound over for trial, at which the trier of fact can resolve the questions." *Id*.

Defendant was charged with possession with intent to deliver less than five kilograms of marijuana. The elements of possession with intent to deliver less than five kilograms of marijuana are "(1) defendant knowingly possessed a controlled substance, (2) defendant intended to deliver the controlled substance to someone else, (3) the substance possessed was marijuana and defendant was aware that it was, and (4) the marijuana was in a mixture that weighed less than five kilograms." *People v Williams*, 268 Mich App 416, 419-420; 707 NW2d 624 (2005). "'Possession is a term that signifies dominion or right of control over the drug with knowledge of its presence and character.'" *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011) (citation omitted).

The prosecution presented sufficient evidence for a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of defendant's guilt. First, the prosecution presented sufficient evidence that defendant possessed marijuana that weighed less than five kilograms since the parties stipulated at the preliminary examination that an unavailable witness would have testified that the substance in the package tested positive for marijuana and weighed 3,552.1 grams. See *Williams*, 268 Mich App at 419-420. Second, the prosecution presented sufficient evidence of possession since defendant accepted the package and took it into his home, which indicates that he exercised dominion or control over the marijuana. See *Cohen*, 294 Mich App at 76; *Williams*, 268 Mich App at 419-420.

Additionally, the prosecution presented sufficient evidence that defendant knew that the package contained marijuana. The package was mailed to defendant's address. Officer McDonald testified at the preliminary examination that defendant accepted the package and signed for it. Defendant did not open the package, which creates a reasonable inference that he knew what was inside it. Officer Reizin testified that the package was addressed to "T. Granton," which is a name very similar to defendant's name. He added that no one else was in the house when defendant was arrested. A person of ordinary prudence and caution would have conscientiously entertained a reasonable belief that defendant knew that the package contained marijuana since the package was addressed to defendant's address, the package was addressed to a person with a very similar name, and defendant accepted and signed for the package. See *Redden*, 290 Mich App at 83-84; *Williams*, 268 Mich App at 419-420. There are facts indicating that defendant did not know that the package contained marijuana, including that defendant left the unopened package on the floor in the hallway of his house, which gives rise to a reasonable inference that the package was not defendant's, Officer Reizin did not believe that defendant had a criminal history, the officers did not find anything else related to illegal narcotics in the home, and the name of the recipient on the package was slightly different from defendant's name.

However, while this evidence might raise a reasonable doubt regarding defendant's guilt, it does not defeat a finding of probable cause and the district court properly bound defendant over for trial in order for the trier of fact to determine the issue. See *Redden*, 290 Mich App at 84.

There was also sufficient evidence to establish probable cause that defendant intended to deliver the marijuana that was in the package. "'"Deliver" or "delivery" means the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship.'" *Williams*, 268 Mich App at 422 (citation omitted). The prosecution can establish the intent to deliver through circumstantial evidence and the amount of the controlled substance that the defendant possessed. *Id*. Officer Reizin discovered "seven large vacuum-sealed bundles of marijuana" in the package. Officer Reizin believed that the marijuana was packaged for delivery based on his year of experience working in narcotics. The prosecution established probable cause that defendant intended to deliver the marijuana after receiving it since there was a large amount of marijuana contained in several vacuum-sealed bundles, and Officer Reizin reasoned from his experience that the marijuana was packaged for delivery. See *id*.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood