# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 17, 2016

v

No. 325181
Kalamazoo Circuit Court
LC No. 2014-000789-FH

PIERRE LAEDRAY MURRAY,

Defendant-Appellant.

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

After a jury trial, defendant was convicted of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(*a*)(*iv*). The trial court sentenced defendant under MCL 333.7413(2) to 10 to 480 months' imprisonment and he appeals by right. We affirm.

Defendant argues that there was insufficient evidence to support his conviction of possession with intent to deliver because the prosecution was unable to establish that defendant "knowingly possessed" the cocaine. We disagree.

A challenge to the sufficiency of the evidence is reviewed de novo. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001). We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and reasonable inferences can be satisfactory proof of the elements of a crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). "All conflicts in the evidence must be resolved in favor of the prosecution." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Under MCL 333.7401(2)(*a*)(*iv*), it is unlawful to possess less than 50 grams of cocaine with intent to deliver. The elements of the offense are as follows: "(1) that the recovered substance is cocaine, (2) that the cocaine is in a mixture weighing less than 50 grams, (3) that defendant was not authorized to possess the substance, and (4) that defendant knowingly possessed the cocaine with the intent to deliver." *Wolfe*, 440 Mich at 516-517. Defendant only

challenges whether he "knowingly possessed" the cocaine. The fourth element of this offense has two components: (1) possession and (2) intent. *Id*. at 519.[1]

Here, the evidence viewed in a light most favorable to the prosecution was sufficient to enable a rational jury to find beyond a reasonable doubt that defendant was in constructive possession of the cocaine. Thus, defendant's sole argument on appeal has no merit. Proof of physical possession is unnecessary; proof of constructive possession is sufficient. *People v Konrad*, 449 Mich 263, 271; 536 NW2d 517 (1995). Constructive possession "is the right to exercise control over the drug coupled with knowledge of its presence." *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011). "[C]onstructive possession exists when the totality of the circumstances indicates a sufficient nexus between the defendant and the contraband." *Wolfe*, 440 Mich at 521. Additionally, constructive possession may be joint, with more than one person actually or constructively possessing the controlled substance. *Id*. at 520.

In this case, defendant was the passenger in a traffic stop on March 20, 2014. During that stop, drugs and drug-related items were recovered. The driver of the vehicle, Rebecca Couthen, informed officers about a white Cadillac parked at a Red Roof Inn in Kalamazoo. Officers located the Cadillac and found cocaine inside. Defendant admitted that he drove the white Cadillac, and it was registered to the address where he resided. The person to whom the white Cadillac was registered had the same last name as defendant, and mail addressed to defendant at this residence was also found inside the Cadillac. Additionally, a large quantity of cocaine and a scale were found. Importantly, before defendant spoke with officers about the Cadillac, he placed three telephone calls from the Allegan County Jail asking that someone move the Cadillac from the Red Roof Inn parking lot. In one of these calls, defendant admitted that he possessed the only key to the Cadillac. Further, the Cadillac was locked when officers located it. Based on this evidence, a jury could infer that defendant, after being involved in a different drug-related incident, wanted the Cadillac moved before officers located it because he knew that there was cocaine inside the vehicle. Additionally, it could be inferred that because defendant possessed the locked Cadillac's only key and asked someone to move it, defendant exercised dominion or control over the vehicle and the narcotics located inside. See *People v Sammons*, 191 Mich App 351, 371-372; 478 NW2d 901 (1991). Therefore, the totality of the circumstances indicates a sufficient nexus between defendant and the cocaine. Thus, the evidence presented was sufficient for a rational jury to find beyond a reasonable doubt that defendant was in constructive possession of the cocaine.

Defendant argues that he did not want to leave his vehicle at the Red Roof Inn for fear that forfeiture proceedings were being commenced and his vehicle would be taken. Thus, the evidence did not support his conviction. This argument fails because we do not view the evidence in a light most favorable to defendant when reviewing the sufficiency of the evidence. *Wolfe*, 440 Mich at 515. Defendant also argues that Couthen's contemporaneous arrest for

---

[1] Defendant does not challenge the "intent to deliver" component in his brief on appeal. Nevertheless, we reviewed the evidence in regard to defendant's intent to deliver and find it was sufficient to sustain his conviction.

possession of narcotics and the position of the Cadillac's driver's seat demonstrate that she placed the cocaine in the vehicle. This argument ignores the fact that possession may be joint; thus, it is conceivable that both defendant and Couthen could have possessed the cocaine. See *Wolfe*, 440 Mich at 520. Further, the prosecution was not required to negate this evidence at trial, *Hardiman*, 466 Mich at 423-424, and the jury was in a better position to decide the weight to be given to the testimony and make any inferences from the evidence, *People v Palmer*, 392 Mich 370, 376; 220 NW2d 393 (1974). Therefore, we find that the evidence was sufficient to sustain defendant's conviction.

We affirm.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray