# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMES ANDREW STEVENS, JR.,

        Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 331960
Monroe Circuit Court
LC No. 15-242249-FH

---

Before: SHAPIRO, P.J., and GLEICHER and O'BRIEN, JJ.

PER CURIAM.

A jury convicted defendant of assaulting, resisting or obstructing a police officer causing injury, MCL 750.81d(2), and assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). Defendant correctly posits that the trial court erroneously omitted an element of the offenses from the jury instructions. However, this error was harmless. And defendant's challenge to the sufficiency of the evidence lacks merit. We affirm.

## I. BACKGROUND

At approximately 11:30 p.m. on September 2, 2015, the 20-year-old defendant returned to the home he shared with his mother and sisters. Defendant had been drinking and became angry that his younger sister was not yet home. He argued with his mother, Shannon Billau, about her parenting skills. As the argument escalated, defendant shattered a glass bowl. Defendant "started . . . getting in [Billau's] face" and the two stood with foreheads touching until defendant "head butt[ed]" her. Billau tried to leave the room, but defendant blocked her path. Billau slapped defendant and knocked him down. When defendant attempted to get back up, Billau kicked him. Defendant grabbed her ankle and Billau reached for a broom, which she used to hit defendant. Defendant eventually left the house. Defendant remained away only briefly. During his absence, his sister arrived home. Upon defendant's return, he flung open the door with enough force to put a hole in the drywall. Billau instructed her daughter to go outside and call 911.

Two Monroe County Sheriff's deputies arrived minutes later. After speaking with Billau and her daughter, the deputies decided to place defendant in the back of the patrol vehicle. Defendant struggled, yelled, and swore at the deputies. One used his Taser to stun defendant into submission. He had to deploy the Taser a second time as defendant continued to fend off the deputies' attempts to handcuff him. At trial, defendant essentially admitted that he resisted

-1-

arrest, asserting that he refused to follow the deputies' orders to place his hands behind his back because they did not cite a reason for his arrest. Once defendant was secured in the patrol car, one of the deputies noted that his tooth had been chipped in the fray. He later visited a dentist who filled in the gap.

## II. JURY INSTRUCTION

Defendant contends that he is entitled to a new trial because the trial court failed to instruct the jury on all elements of assaulting, resisting or obstructing a police officer. Specifically, the court did not instruct the jury that the underlying arrest had to be valid. We review de novo such challenges to the court's jury instructions. *People v Gillis*, 474 Mich 105, 113; 712 NW2d 419 (2006).

The trial court did err in omitting an element from the jury instructions. To support conviction under MCL 750.81d, the prosecutor must establish (1) "that defendant resisted or obstructed or opposed a police officer . . . include[ing by] the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command," and (2) "defendant knew . . . that the person defendant resisted, obstructed, and/or opposed was a police officer performing [his or] her duties at the time." *People v Quinn*, 305 Mich App 484, 494; 853 NW2d 383 (2014). The offense also includes a common-law element, however. The prosecutor "must establish that the officers' actions were lawful as an element of resisting or obstructing a police officer." *Id.* (quotation marks and citation omitted). As an element of resisting and obstructing an officer, the lawfulness of the deputies' arrest of defendant was a question for the jury. See *id.* To this end, the trial court was required to instruct the jury consistent with MI Crim JI 13.5 that "[a]n arrest is legal if it is:"

> (2) Made by an officer relying on an arrest warrant for the defendant issued by a court.
>
> (3) Made by an officer for a crime that [(he/she) reasonably believed] was committed in [his/her] presence, if it was made as soon as reasonably possible afterward.
>
> (4) Made by an officer who had reasonable cause to believe that the crime of _____ was committed by the defendant. "Reasonable cause" means having enough information to lead an ordinarily careful person to believe that the defendant had committed the crime of _____.

The trial court gave no such instruction. This was error.

Yet, the trial court's instructional error was harmless and defendant is not entitled to a new trial. "[I]f an applicable instruction was not given, the defendant bears the burden of establishing that the trial court's failure to give the requested instruction resulted in a miscarriage of justice." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). A defendant's conviction will not be overturned "unless, after examining the nature of the error in light of the weight and strength of the untainted evidence, it affirmatively appears that it is more probable than not that the error was outcome determinative." *Id.* at 124-125.

The record in this case indisputably supports that defendant's arrest was legal. Accordingly, the jury's verdict would not be altered by the inclusion of the subject instruction.

The deputies had probable cause to place defendant under arrest for domestic violence, rendering the arrest legal. Probable cause exists

> where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed . . . [and is] judged from the totality of the circumstances before the arresting officers. [*People v Cohen*, 294 Mich App 70, 75; 816 NW2d 474 (2011) (quotation marks omitted).]

The deputies spoke to Billau and her daughter before approaching defendant. Billau and her daughter explained to the deputies that defendant had been drinking and became combative during an argument with his mother. Billau informed the officers that defendant was "chest bumping" her and that she fell on the floor. While the deputies spoke to the women, defendant became agitated and he repeatedly cursed and accused his mother and sister of lying. Billau did not tell the deputies that she had slapped, kicked, and hit defendant with a broom. But defendant decided to obstruct the deputies rather than giving his side of the story. Therefore, the deputies had no reason to suspect that defendant may have been defending himself against his mother's aggression. With the information at hand, the deputies reasonably believed that defendant had assaulted his mother and needed to be detained.

As the evidence more than adequately supported the legality of defendant's arrest, defendant cannot establish an error that affected the outcome of his trial. He therefore is not entitled to relief.

### III. SUFFICIENCY OF THE EVIDENCE

Defendant challenges the sufficiency of the evidence supporting his conviction for resisting arrest causing injury. We review sufficiency challenges de novo, viewing the evidence in the light most favorable to the prosecution to determine if the prosecutor could prove the elements of the offense beyond a reasonable doubt. *People v Solloway*, 316 Mich App 174, 180; 891 NW2d 255 (2016).

MCL 750.81d(2) provides, in relevant part, "An individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties causing a bodily injury *requiring medical attention or medical care* to that person is guilty of a felony." (Emphasis added.) The injured deputy testified that he "sought treatment with [his] family . . . dentist" following this incident. The

dentist "filled in where the chip was missing." Clearly, the deputy's bodily injury required medical attention or medical care as the deputy sought out and actually received such care as a result of defendant's actions.

We affirm.


/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Colleen A. O'Brien