# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

ROSOLINO GAGLIO,

Defendant-Appellee.

UNPUBLISHED
October 12, 2017

No. 332595
Wayne Circuit Court
LC No. 16-002701-01-FH

Before: SHAPIRO, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right the circuit court's order dismissing the case. Defendant was charged with carrying a concealed weapon (CCW), MCL 750.227. Because the evidence was sufficient to support the district court's bindover decision and the circuit court erred by suppressing the gun evidence, we reverse and remand for reinstatement of the CCW charge.

According to the evidence presented at the preliminary hearing, on January 15, 2016, Officer Gregory Brewster of the Trenton Police Department stopped defendant in the parking lot of a strip mall. This stop led to defendant's arrest for larceny involving salt bags purportedly taken by defendant from an alley near an Ace Hardware. Following defendant's arrest, his vehicle was towed to a nearby towing yard by Timothy Lyons, who discovered a gun in the backseat of the truck. Lyons reported the discovery to the police, and defendant was subsequently charged with CCW. Based on the evidence at the preliminary hearing, the district court bound defendant over for trial on the CCW charge.

In the circuit court, defendant filed a motion to quash the bindover. Defendant argued that the gun should have been suppressed at the preliminary hearing under MCR 6.110(D)(2) because Brewster lacked probable cause to arrest defendant for larceny and thus the fruits of the illegal arrest should have been suppressed. Absent the gun evidence, defendant asserted that the evidence was insufficient to support a bindover for CCW. The circuit court granted defendant's motion to quash the CCW bindover, concluding that Brewster lacked probable cause to arrest defendant for larceny. The prosecutor now appeals as of right.

The prosecution contends that the circuit court erred when it quashed the information and dismissed the case. In particular, the prosecutor asserts that, contrary to the circuit court's conclusions, the gun evidence should not have been suppressed because Brewster had probable

-1-

cause to arrest defendant for larceny. According to the prosecutor, when the gun evidence is considered, it is clear that the district court did not abuse its discretion by binding defendant over for trial on the CCW charge. We agree.

"A trial court's decision to quash an information is reviewed for an abuse of discretion." *People v March*, 499 Mich 389, 397; 886 NW2d 396 (2016). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). When considering whether evidence should be suppressed, "the application of a constitutional standard to uncontested facts" is reviewed de novo." *People v Attebury*, 463 Mich 662, 668; 624 NW2d 912 (2001). "We review de novo whether the Fourth Amendment was violated and whether an exclusionary rule applies." *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009).

"In order to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). Probable cause exists when the evidence presented is "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted). The prosecution "need not establish beyond a reasonable doubt that a crime was committed;" rather, the prosecutor "need present only enough evidence on each element of the charged offense to lead a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the defendant's guilt." *People v Perkins*, 468 Mich 448, 452; 662 NW2d 727 (2003) (quotation marks, brackets, and citations omitted).

In this case, defendant has been charged with CCW. The parties do not dispute that—if the gun recovered in defendant's truck is considered—the evidence was sufficient to bind defendant over to circuit court for trial on a charge of CCW. Instead, the real issue before us is whether the gun evidence should have been suppressed under MCR 6.110(D)(2) because the discovery of the gun resulted from an unlawful arrest for larceny. In other words, based on the facts and circumstances within Brewster's knowledge, we must decide whether there was probable cause to support a warrantless arrest at the time Brewster arrested defendant for larceny.

"In order to lawfully arrest a person without a warrant, a police officer must possess information demonstrating probable cause to believe that an offense has occurred and that the defendant committed it." *People v Cohen*, 294 Mich App 70, 74-75; 816 NW2d 474 (2011) (quotation marks and citation omitted). "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Id*. at 75 (quotation marks and citation omitted). "This probable cause standard is a practical, nontechnical conception judged from the totality of the circumstances before the arresting officers." *Id*. (quotation marks and citation omitted). If evidence is obtained as a result of an illegal warrantless arrest, typically the evidence must be suppressed as fruit of the poisonous tree. *People v Thomas*, 191 Mich App 576, 581; 478 NW2d 712 (1991).

In the instant case, there are numerous facts and circumstances within Brewster's knowledge that were sufficient to warrant a reasonable person to believe that defendant had committed larceny. At the time that Brewster arrested defendant, Brewster was personally aware that there had been thefts at the strip mall recently; indeed, he had made an arrest the week before when he caught someone stealing pallets from the Tractor Supply Company. When Brewster encountered defendant, it was about 2:00 a.m. The stores in the strip mall were closed, and the parking lot was empty except for defendant. As Brewster watched, defendant drove his vehicle around the side of the building, where pallets were kept, toward an alley running behind the businesses. Based on his observation of the vehicle's headlights, Brewster noted that the vehicle was stationary for a period of time. Brewster waited for defendant's vehicle to emerge from the other side, near the Ace Hardware. When the vehicle emerged, Brewster stopped the vehicle and spoke to defendant.

Despite the late hour, defendant told Brewster that he was "looking for salt." When Brewster pointed out that the stores were closed, defendant indicated that he was looking for salt so that he could come back in the morning. Then, without additional questioning or prompting from Brewster, defendant volunteered that he "didn't take any of the salt that was on the side of the business." In the open bed of defendant's truck, Brewster saw two fifty-pound bags of Safe Step Rock Salt. Further, there were "little particles of snow and ice" in the truck, but this snow only appeared in the area near the bags of salt. Brewster also walked around the side of the building, to the area where defendant had driven, and he found pallets holding salt bags. These salt bags were the "exact same" brand and size as those found in defendant's truck. Additionally, there was snow on these salt bags, but some of the snow appeared to have been "disturbed." At that time, Brewster returned to defendant's vehicle and placed defendant under arrest for stealing bags of salt.

All of these facts, taken together and judged from the totality of the circumstances, were enough to support probable cause for arrest. Given all the information available to Brewster at that time, a prudent person would believe that defendant had committed larceny of the salt bags. It follows that the arrest was lawful, meaning that the circuit court erred by concluding that the gun evidence should be suppressed as fruit of an illegal arrest. Further, considering the gun discovered in defendant's vehicle, the district court did not abuse its discretion by binding defendant over for trial on a charge of CCW, and thus the circuit court abused its discretion by quashing the information.

Reversed and remanded for reinstatement of the CCW charge and for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly

-3-