*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellant,

v

AUBREY BERNARD BECKUM,

       Defendant-Appellee.

UNPUBLISHED
November 10, 2022

No. 355260
Wayne Circuit Court
LC No. 19-004852-01-AR

Before: GARRETT, P.J., and O'BRIEN and REDFORD, JJ.

PER CURIAM.

On remand from our Supreme Court, the prosecution appeals by leave granted[1] the circuit court's affirmance of the district court's refusal to bind over defendant Aubrey Beckum on the charge of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv). Because we conclude the district court's probable-cause determination was an abuse of discretion, we reverse.

## I. FACTUAL BACKGROUND

In June 2019, police officers executed a search warrant on a house at 13901 Saratoga Avenue in Detroit. Beckum and at least 10 other people were inside the house at the time. Officer Jeremy Robson was assigned to secure the back of the house to prevent anyone from fleeing. After Officer Robson detained one person trying to flee, he entered the house. Other officers had already secured the rest of the house, and Beckum had been arrested by another officer. Officer Robson searched the main floor and recovered 17 Ziploc bags of suspected cocaine on the living room floor. At the preliminary examination, the district court admitted drug analysis results which concluded that the bagged substances were positive for cocaine. Officer Robson testified that the cocaine appeared to be packaged for sale.

---

[1] Our Supreme Court, in lieu of granting leave to appeal, remanded to us for consideration as on leave granted. *People v Beckum*, ___ Mich ___; 971 NW2d 613 (2022).

Another officer, Corporal Cheryl Muhammad, did not know where Beckum was found and encountered Beckum once he and other individuals were gathered by the police in the living room. Corporal Muhammad took Beckum to a separate room and questioned him. During the preliminary examination, Corporal Muhammad read into the record her question-and-answer conversation with Beckum:

> *Q*. On 6/6/19, at approximately 3:00 p.m., were you at 13901 Saratoga when the police arrived?
>
> *A*. Yes, ma'am.
>
> *Q*. Do you sell narcotics from 13901 Saratoga?
>
> *A*. Yes.
>
> *Q*. What type of narcotics did you have?
>
> *A*. Cocaine.
>
> *Q*. How much do you sell the cocaine for?
>
> *A*. Five dollars a bag.
>
> *Q*. How long have you been selling cocaine?
>
> *A*. A week or two.

Beckum argued that the prosecution failed to meet its burden of probable cause on the element of possession because no evidence established that Beckum constructively possessed the cocaine found in the house or knew that the cocaine was present. The prosecutor argued that reasonable inferences drawn from Beckum's presence in the house and his statements to Corporal Muhammad established probable cause of constructive possession. The district court determined there was insufficient evidence to "connect [Beckum] to those narcotics that were found in that house" and therefore dismissed the charge. The prosecution appealed to the circuit court, which affirmed the district court's decision. This appeal followed.

## II. STANDARD OF REVIEW

"Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016) (citations omitted). A district court abuses it discretion when its decision falls outside the range of principled outcomes. *Id*. We review de novo the circuit court's affirmance of the district court's bindover decision. *People v Green*, 260 Mich App 710, 714; 680 NW2d 477 (2004). De novo review means that we independently determine whether the district court abused its discretion by refusing to bind the defendant over. See *People v Beck*, 504 Mich 605, 618; 939 NW2d 213 (2019).

III. ANALYSIS

The prosecution argues that the district court abused its discretion by dismissing the charge of possession with intent to deliver less than 50 grams of cocaine because the evidence was sufficiently strong to find probable cause that Beckum constructively possessed the cocaine. We agree.

A preliminary examination requires a district court "to determine whether a felony was committed and whether there is probable cause to believe the defendant committed it." *People v Yost*, 468 Mich 122, 125-126; 659 NW2d 604 (2003). The probable-cause standard asks whether the evidence is "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *Id*. at 126 (quotation marks and citation omitted). In order to bind a defendant over for trial in the circuit court, the district court must find probable cause to support each element of the crime charged. *Seewald*, 499 Mich at 116.

The district court refused to bind Beckum over on the charge of possession with intent to deliver less than 50 grams of cocaine. The elements of this offense are: "(1) that the recovered substance is cocaine, (2) that the cocaine is in a mixture weighing less than fifty grams, (3) that defendant was not authorized to possess the substance, and (4) that defendant knowingly possessed the cocaine with the intent to deliver." *People v Wolfe*, 440 Mich 508, 516-517; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). The issue on appeal relates solely to the fourth element—whether there was probable cause that Beckum knowingly possessed the recovered cocaine.

Possession may be either actual or constructive, and joint or exclusive. *Id*. at 519-520. The parties agree that Beckum did not have actual possession of the cocaine, but the prosecution contends that the evidence supported a finding of constructive possession. "[C]onstructive possession exists when the totality of circumstances indicates a sufficient nexus between the defendant and the contraband." *Id*. at 521. Put differently, constructive possession is "the right to exercise control over the drug coupled with knowledge of its presence." *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011). But "a person's presence, by itself, at a location where drugs are found is insufficient to prove constructive possession." *Wolfe*, 440 Mich at 520. "Instead, some additional connection between the defendant and the contraband must be shown." *Id*.

In the instant case, defendant's own words in response to the law enforcement officer's questions demonstrate more than enough probable cause to bind over defendant for trial. The officer asked defendant questions in the present tense, to which defendant answered those questions in the present tense that he was present when police arrived, that he sells cocaine from the address searched, that he did so for one to two weeks, and he stated for how much he sells his drugs. His responses were made in conjunction with the recovery of—from the very same place— 17 individually packaged Ziploc bags containing cocaine.

At the preliminary examination, the prosecution presented evidence that Beckum was inside the house when police arrived, there was cocaine inside the house, the cocaine was packaged for sale, and Beckum admitted to selling cocaine from the house over the past one or two weeks. The prosecution argues that Beckum's statement that he sold cocaine from the house for at least the past week is inferential evidence that he constructively possessed the cocaine recovered during

the execution of the search warrant. The prosecution is correct. While it is true, at least 10 other people were found in the house, and Beckum did not specifically state that the cocaine found in the living room was his; the reasonable inferences of the physical evidence recovered in conjunction with the specific present tense answers made by defendant is more than adequate to bind him over on the charge of possession with intent to deliver cocaine.

Reversed and remanded with instructions to the district court to bind defendant over for trial on the charge of possession with intent to deliver less than 50 grams of cocaine, in violation of MCL 333.7401(2)(a)(iv). We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ James Robert Redford