*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 19, 2023

Plaintiff-Appellant,

v

No. 361147
Wayne Circuit Court
LC No. 21-008111-02-FH

WILLIAM MONDEZ MOORE,

Defendant-Appellee.

Before: M. J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Following a preliminary examination, the district court bound over defendant, William Moore, for trial on one count of possession with intent to deliver 50 grams or more but less than 450 grams of fentanyl, MCL 333.7401(2)(a)(*iii*). Thereafter, the circuit court granted Moore's motion to quash the bindover and dismissed the case. The prosecution appeals now as of right. For the reasons stated in this opinion, we reverse and remand for entry of an order reinstating the charge against Moore.

## I. BASIC FACTS

Moore was a passenger in a vehicle whose driver failed to signal before turning into an apartment complex. As soon as the vehicle pulled over, the front-seat passenger jumped out and headed toward an apartment. The police suspected that the front-seat passenger was attempting to "distance himself from something inside the vehicle." After that passenger briefly resisted being stopped, the police were able to detain him. In the meantime, the driver of the vehicle refused to get out of her vehicle. At one point she reached into her purse and the officers suspected she might be reaching for a weapon. There were two backseat passengers. Relevant to this appeal, Moore, who was in the backseat behind the driver, was moving around and fidgeting. The officers believed him to be trying to hide an open, empty alcohol bottle. After several minutes, the driver unlocked the door. One officer opened the front passenger side door to prevent her from again locking the doors. There was a firearm inside that door's side compartment.

The occupants of the vehicle were detained and the police performed a search of the vehicle for additional firearms. The passenger in the backseat with Moore had possession of a large "wad" of money held together with rubber bands. During the search, the police also discovered an envelope with suspected narcotic powder on it. There were also two packages of suspected narcotics. One was under the driver's seat. The second was beneath the middle armrest in the backseat. The bag under the armrest was clear plastic and contained a brown square of suspected narcotics that was larger than a bar of soap. One of the officers testified that the bag under the armrest was visible through a gap between the armrest and the seat. The contents of the bag under the armrest were submitted to the Michigan State Police Crime Lab, which confirmed that the bag contained 185.27 grams of fentanyl.

As noted above, Moore was charged with possession with intent to deliver between 50 and 449 grams of fentanyl. The district court found probable cause to bind him over for trial on that charge, but the circuit court quashed the information and dismissed the case. This appeal by the prosecution follows.

## II. MOTION TO QUASH

### A. STANDARD OF REVIEW

The prosecution contends that the circuit court erred by quashing the bindover and dismissing the case against Moore. "A circuit court's decision to grant or deny a motion to quash charges is reviewed de novo to determine if the district court abused its discretion in binding over a defendant for trial." *People v Jenkins*, 244 Mich App 1, 14; 624 NW2d 457 (2000). "An abuse of discretion occurs when the district court's decision falls outside the range of principled outcomes." *People v Fairey*, 325 Mich App 645, 649; 928 NW2d 705 (2018) (quotation marks and citation omitted).

### B. ANALYSIS

At a preliminary examination, the prosecution must present evidence sufficient to establish that "a felony was committed and that the defendant committed it." *People v Cervi*, 270 Mich App 603, 616; 717 NW2d 356 (2006). "When the evidence conflicts or raises a reasonable doubt concerning guilt, there are questions for the trier of fact, and the defendant should be bound over." *People v Fiedler*, 194 Mich App 682, 693; 487 NW2d 831 (1992). Probable cause requires a showing of evidence for each element of the crime "sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted). "Evidence supporting that the defendant perpetrated the crime may be circumstantial, but must nevertheless demonstrate reasonable grounds to suspect the defendant's personal guilt." *Fairey*, 325 Mich App at 649.

The elements of possession with intent to deliver between 50 and 449 grams of fentanyl require the prosecution to prove (1) that defendant possessed between 50 and 449 grams of a fentanyl, which is a schedule 2 controlled substance;[1] and (2) that the defendant intended to deliver the controlled substance to another person. *People v Wolfe*, 440 Mich 508, 519; 489 NW2d 748 (1992); MCL 333.7401(2)(a)(*iii*).

Moore argues that he lacked possession over the fentanyl. Possession is the "dominion or right of control over the drug with knowledge of its presence and character." *People v Cohen*, 294 Mich App 70, 76; 816 NW2d 474 (2011) (quotation marks and citation omitted). "The defendant need not own or have actual physical possession of the substance to be found guilty of possession; constructive possession is sufficient." *Id*. "Close proximity to contraband in plain view is evidence of possession." *Id*. at 77. Additionally, "possession may be proved by circumstantial evidence and reasonable inferences drawn from this evidence." *People v Nunez*, 242 Mich App 610, 615; 619 NW2d 550 (2000) (quotation marks and citation omitted). "Dominion and control over the object need not be exclusive." *People v Flick*, 487 Mich 1, 14; 790 NW2d 295 (2010) (quotation marks and citation omitted).

In this case, Moore was behind the driver's seat. Prior to the police gaining access to the vehicle, Moore was moving and fidgeting, and the officers observed him attempting to conceal an empty, open alcohol bottle. After he was detained, the police discovered an envelope with suspected narcotic power in the backseat near the driver's side. Under the driver's seat in front of him was a bag of suspected narcotics. Under the armrest, within arm's reach of where he was sitting, was a second clear, plastic bag containing 185.27 grams of fentanyl. Although the circuit court credited testimony suggesting that the bag under the armrest was not in plain view, the officer's testimony allowed for an inference that it was in plain view. The officer testified that it was "sitting right underneath it. It's a nice size gap in between [the armrest and the seat]." As noted above, close proximity to narcotics in plain view can support an inference of possession. *Cohen*, 294 Mich App at 76. Considering all of the above, we conclude that there is a question of fact as to whether the bag of fentanyl was in plain view. Ultimately, we agree with the district court that, taken together, the facts and circumstances are sufficient to establish probable cause that Moore constructively possessed the fentanyl.

There is also sufficient evidence to support a finding of probable cause that Moore intended to deliver the fentanyl. "[A] defendant's intent to deliver drugs may be inferred from the quantity of drugs in his or her possession and the way the drugs are packaged." *People v Morrison*, 328 Mich App 647, 652; 939 NW2d 728 (2019). Here, there was probable cause to believe that Moore had constructive possession of 185.27 grams of fentanyl. Given the quantity, it could be inferred that it was not for personal use. Moreover, the fentanyl was packaged in a clear plastic bag and was within arm's reach of Moore, who was moving around and fidgeting in the backseat before the police gained entry to the vehicle. Further, the fact that there was an envelope with suspected narcotic powder on it suggests that the fentanyl had been repackaged at some point. The envelope was on Moore's side of the vehicle. Considering the above facts and circumstances, the district

---

[1] See MCL 333.7214(b).

-3-

court's finding that there was probable cause to support a finding of intent to deliver is not an abuse of discretion.

In sum, because the trial court did not abuse its discretion by finding probable cause that Moore had both possession and intent to deliver, the circuit court erred by quashing the bindover and dismissing the case against Moore.

Reversed and remanded for reinstatement of the possession with intent to deliver between 50 and 449 grams of fentanyl charge. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle