*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 11, 2025
11:40 AM

Plaintiff-Appellant,

v

No. 372196
Jackson Circuit Court
LC No. 2023-003103-AR

NATHAN LEE SCHUCH,

Defendant-Appellee.

Before: RIORDAN, P.J., and YATES and ACKERMAN, JJ.

PER CURIAM.

Defendant was charged with operating while intoxicated (OWI), MCL 257.625(1). The prosecution appeals by leave granted[1] the circuit court's order reversing the district court's denial of defendant's motion to suppress evidence. For the reasons set forth in this opinion, we reverse.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 27, 2023, Jackson County Sheriff's Department Deputy Hillary Jenski was dispatched to defendant's home after he called to report a property damage accident. Defendant reported that while driving home from picking up dinner, he swerved to avoid a turkey and struck a mailbox near his residence. While speaking with defendant, Deputy Jenski detected a "very strong" odor of alcohol on his breath and person. She also observed that his eyes were red and bloodshot and that his speech was slurred. When asked how much alcohol he had consumed, defendant initially claimed he had one beer at a birthday party approximately five hours earlier but later stated he may have had three "lite" beers.

Deputy Jenski administered three field sobriety tests to defendant but performed two of them incorrectly—the walk-and-turn and horizontal-gaze nystagmus tests. She did not observe any signs of intoxication during the third test, the one-leg-stand. Defendant was arrested and

---

[1] *People v Schuch*, unpublished order of the Court of Appeals, entered December 30, 2024 (Docket No. 372196).

transported to a hospital for a blood test to determine his alcohol level. He was subsequently charged with OWI.

Defendant moved the district court to suppress the evidence obtained following his arrest and dismiss the charge against him, contending that Deputy Jenski lacked probable cause for the arrest. At the suppression hearing, Deputy Jenski admitted she incorrectly administered two of the field sobriety tests and that the results of those tests were unreliable. However, she testified to other indicators of intoxication, including the strong odor of alcohol, defendant's bloodshot eyes and slurred speech, his admission to consuming alcohol several hours earlier, and his report of striking a mailbox shortly before their encounter.

The district court denied the motion, finding that Deputy Jenski had probable cause to support defendant's arrest. Defendant appealed to the circuit court, which reversed the district court's order, holding that probable cause was lacking. The prosecution now appeals.

## II. DISCUSSION

The prosecution argues that the district court properly denied defendant's motion to suppress evidence because probable cause supported defendant's arrest. It submits that the circuit court erred in reversing the district court's ruling. We agree.

"A court's factual findings at a suppression hearing are reviewed for clear error, but the application of the underlying law—the Fourth Amendment of the United States Constitution and article 1, § 11 of the Michigan Constitution—is reviewed de novo." *People v Slaughter*, 489 Mich 302, 310; 803 NW2d 171 (2011). "A factual finding is clearly erroneous if it leaves the Court with a definite and firm conviction that the trial court made a mistake." *People v Moorman*, 331 Mich App 481, 485; 952 NW2d 597 (2020) (quotation marks and citation omitted).

The Fourth Amendment of the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. [US Const, Am IV.]

This right is also guaranteed by the Michigan Constitution. Const 1963, art 1, § 11. "The touchstone of the Fourth Amendment is reasonableness." *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019). An arrest is reasonable if supported by probable cause. *Id*. An officer has probable cause to arrest a suspect "when the facts and circumstances within [the] officer's knowledge are sufficient to warrant a reasonable person to believe that an offense has been or is being committed." *People v Chapo*, 283 Mich App 360, 367; 770 NW2d 68 (2009) (citation omitted). Moreover, "[p]robable cause requires only a probability or substantial chance of criminal activity, not an actual showing of criminal activity." *People v Nguyen*, 305 Mich App 740, 752; 854 NW2d 223 (2014) (citation omitted). "This probable cause standard is a practical, nontechnical conception judged from the totality of the circumstances before the arresting officers." *People v Cohen*, 294 Mich App 70, 75; 816 NW2d 474 (2011) (quotation marks and citation omitted).

Here, the district court correctly concluded that Deputy Jenski had probable cause to arrest defendant for OWI under MCL 257.625(1), which provides:

> (1) A person, whether licensed or not, shall not operate a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this subsection, "operating while intoxicated" means any of the following:

> (a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substances or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.

> (b) The person has an alcohol content of 0.08 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine or, beginning 5 years after the state treasurer publishes a certification under subsection (28), the person has an alcohol content of 1.10 grams or more per 100 milliliters of blood, per 210 of breath, or per 67 milliliters of urine.

> (c) The person has an alcohol content of 0.17 grams or more per 100 milliliters of blood, per 210 liters of breath, or per 67 milliliters of urine.

Deputy Jenski testified, and body camera footage admitted at the suppression hearing demonstrated, that defendant reported consuming between one and three beers several hours before striking a mailbox near his home. Additionally, upon making contact with defendant, Deputy Jenski noted a "very strong" odor of alcohol, slurred speech, and red, bloodshot eyes.

Those facts were sufficient to allow a reasonable person to believe that defendant operated his vehicle while intoxicated. See *Cohen*, 294 Mich App at 74-75; see also *People v Rizzo*, 243 Mich App 151, 161; 622 NW2d 319 (2000) (holding that the odor of alcohol on a suspect's breath "may give rise to a reasonable suspicion that the motorist has recent consumed intoxicating liquor, which may have affected the motorist's ability to operate a motor vehicle."); *People v Reynolds*,[2] unpublished per curiam opinion of the Court of Appeals, issued December 29, 2016 (Docket No. 329251) (finding probable cause for an OWI arrest based on the odor of intoxicants on the defendant's breath slurred speech, bloodshot eyes, and refusal to perform field sobriety tests). The district court thus properly concluded that Deputy Jenski had probable cause to arrest defendant for OWI, and the circuit court erred by reversing the district court's order denying defendant's motion to suppress evidence.

---

[2] Unpublished opinions are not binding on this Court "but may be considered as persuasive authority." *People v Swenor*, 336 Mich App 550, 563 n 7; 971 NW2d 33 (2021).

We reverse the circuit court's order and remand to the district court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Christopher P. Yates
/s/ Matthew S. Ackerman